### MORGAN *v.* THE STATE.

1. It has been repeatedly held by this court that it would be better, in charging on the defendant's statement, to follow the statute and there leave the matter.

2. The charge in relation to the weight to be given the defendant's statement was like that in *Hackett* v. *State*, 108 *Ga.* 46, and, while not approved, is yet not such error as will imperatively require the grant of a new trial.

3. "Unless there be great superiority in physical strength of an assailant who strikes another a blow with his fist, or ill health in the assailed at the time, or other circumstance producing relatively great inequality between them in combat, the assailed can not justifiably resent the blow by stabbing the assailant."

4. There was evidence to sustain the verdict, and no ruling or charge of the court requiring the grant of a new trial.

Submitted February 15, — Decided March 3, 1904.

Conviction of stabbing. Before Judge Fite. Whitfield superior court. December 16, 1904.

Ballinger and Morgan had a controversy in reference to a note. Ballinger claimed that in the controversy Morgan called him a

liar; and that when he replied in kind, Morgan struck him over the shoulder with a knife. Morgan insisted that Ballinger called. him a liar, and, when answered in kind, struck at Morgan, who backed, and being feeble as a result of three weeks confinement in bed, and Ballinger being more powerful, Morgan put his hand in his overcoat pocket and pulled out a knife which had been used for opening cans, and which he casually picked up as he passed through the house; that he cut Ballinger very slightly, and did it almost involuntarily, and as the result of the attack by a more powerful man. There was nothing in the evidence to indicate that the meeting was premeditated. It seems to have been an accidental encounter on the streets. The exact difference in the size of the two men does not appear. There was some difference as to the length of time Morgan had been out of bed. The defendant was found guilty of stabbing, and excepts to the refusal of the court to grant a new trial. The motion for a new trial complains, among others, of the following charges: (1) "I charge you further, that if you find that the defendant was the aggressor, that he provoked Ballinger to strike him, and, having so provoked him, stabbed him with a knife, although Ballinger may have been the stronger man, though defendant may not have been in a physical condition to cope with him without a knife, he would still be guilty of the offense of stabbing." (2) "On the other hand, if you find that Ballinger was the aggressor, that he brought about the difficulty and assaulted the defendant without provocation, and there was great discrepancy in the strength of the parties on account of their age and physical condition, and the defendant was unable to defend himself without the use of a knife, and, being without fault on his part, used a knife simply in self-defense, and didn't act beyond the provocation given, didn't carry the assault beyond that, then he wouldn't be guilty of anything."

*W. E. Mann* and *R. J. & J. McCamy*, for plaintiff in error.
*Samuel P. Maddox, solicitor-general*, contra.

LAMAR, J. (after stating the foregoing facts.) The defendant was charged with assault with intent to murder, but found guilty of the lesser offense of stabbing. On a careful examination of the evidence we are forced to the conclusion that there was evidence sufficient to sustain the verdict. Nor can a new trial be granted

because the judge gave the charge, on the defendant's statement, similar to that complained of in *Hackett* v. *State*, 108 *Ga.* 46. It is true that this court has said that it would be better in all cases to give in charge the statute and there leave the matter. *Hendricks* v. *State*, 73 *Ga.* 581; *Ozburn* v. *State*, 87 *Ga.* 185, 186. And in *Harrison* v. *State*, 83 *Ga.* 136, Chief Justice Bleckley said: "But why should the presiding judge be more specific than the statute itself, or go beyond its terms? There is no obscurity or ambiguity in the statute. The legislature has made the matter as clear as can the judiciary. Why should not the legislature be left to address the jury in its own language?" These observations would indicate that a departure from the language of the statute, harmful to the defendant, would be cause for the grant of a new trial, but for the decisions in *Hackett* v. *State*, 108 *Ga.* 46, and *Teasley* v. *State*, 105 *Ga.* 842, to both of which Little, J., indicated his dissent. The charge is not an improper argument for counsel; but, coming from the mouth of the judge, it is undoubtedly calculated to greatly prejudice the defendant to have the jury's attention directed to the fact that he is not under oath, under no penalty to speak the truth, and is not subject to cross-examination without his consent; and for the jury to be told also to consider his interest in the case and determine what faith they should give the statement. Nevertheless just such a charge was held not to be ground for a new trial, in *Hackett* v. *State*, supra.

Mere inequality in size and strength will not authorize the smaller combatant to resent the blow by stabbing the assailant. The charge of the court was in accordance with the ruling in *Floyd* v. *State*, 36 *Ga.* 91. Compare *Malone* v. *State*, 77 *Ga.* 768 (6); *Hinch* v. *State*, 25 *Ga.* 699 (2).

We find no error in the other charges excepted to.

*Judgment affirmed.* *All the Justices concur, except Simmons, C. J., absent.*