125　　649
f130　　563

## STANDARD COTTON MILLS v. CHEATHAM.

1. The grounds of the special demurrer which were meritorious were met by appropriate amendment. The petition as amended set forth a cause of action, and the general demurrer thereto was properly overruled.
2. Under the evidence which had been introduced by the plaintiff when he closed, the jury would have been authorized to find a verdict against the defendant; and the court did not err in refusing to award a nonsuit.
3. One of the questions for determination by the jury being whether a machine at which the plaintiff was alleged to have been injured was in or out of alignment, the fact that other machines of a similar character upon the same plane (the floor of the room in which the machines were situated) were not properly aligned was not irrelevant, as there was some evidence to show that there existed a general cause which might contribute to the disturbance of the alignment of all the machines upon that floor.
4. Whether the plaintiff should be allowed, after the defendant has closed, to introduce testimony not in rebuttal of the defendant's evidence, rests in the sound discretion of the trial court; and unless that discretion has been abused, this court will not disturb its ruling upon that question.
5. Where in one portion of the charge to the jury the court correctly states one of the contentions of the losing party, the mere failure to state in immediate connection therewith, fully and plainly, other contentions of

such party, does not constitute error. To show error it should be made to appear that nowhere in the court's instructions were the contentions of the party complaining stated with sufficient fullness and clearness.

6. The jury should be left free to determine, under proper instructions as to the law, all questions and presumptions of fact. This is their peculiar province; and when the court below instructed them that from one fact proved the plaintiff had the right to presume another material fact, this was an invasion of that province and such invasion was error.

7. The trial court properly refused a request to give a charge which was not applicable to the evidence in the case.

8. Except as pointed out, no material error of law was committed.

Argued January 23,—Decided May 24, 1906.

Action for damages. Before Judge Irwin. City court of Polk county. April 18, 1905.

*Shepard Bryan* and *Bunn & Trawick,* for plaintiff in error.

*Seaborn & Barry Wright* and *J. A. Wright,* contra.

BECK, J. The petition of Cheatham contained substantially the following allegations: that he was employed by the Standard Cotton Mills to work at certain machines called "carders," which were operated by a belt from a pulley, and it was a part of his duty to clean the machines by opening certain lids thereon, placing his hand inside of the same, and taking therefrom accumulations of trash and lint called "strippings." In order to clean the carders it was necessary to stop them, and this was done by switching the belt from the tight pulley, upon which it worked, to a loose pulley. Plaintiff alleges that he had stopped the machines in the manner described, and had opened the lid and placed his hand inside of one of the carders, when the belt slipped from the loose pulley on to the tight one, the machine started, caught his hand, and mangled it severely. "The shifting of the belt," it is further alleged, "was caused by the defective condition of the machinery and the building to which it was connected, allowing said belt to shift of itself from said 'loose' to 'tight' pulley, thereby starting up the carder; all of which was unknown to petitioner, but was known to said defendant company;" and that the plaintiff had only been in the employment of the defendant company for a week.

The defendant demurred to paragraph two of the petition, on the ground that it does not set forth plainly and distinctly the plaintiff's duties, nor the capacity in which he was employed, "and does not state how it became his duty to stop some of the carders and clean out the strippings;" and upon the further ground that

it is not clearly alleged whether plaintiff had been employed by other cotton mills before he commenced working for the defendant, nor "the length of his experience in working in cotton mills." Defendant also demurred to the third paragraph of the petition, upon the ground that it does not set forth plainly and distinctly the alleged defects in the machinery and building. And it demurred generally on the ground that the petition sets forth no cause of action. The court overruled the demurrer upon each .of its grounds, and the defendant excepted pendente lite. The plaintiff amended paragraph three of the petition by alleging that the defective condition of the machinery was that "said carder machine was so out of line with the pulley on the main shaft by which the carder machine was run, that the belt attaching the said carder machine to the pulley of the main shaft, when shifting from the 'tight' to the 'loose' pulley to stop the machine, would not entirely shift from the 'tight' pulley, but remained revolving on the part of the 'tight' pulley, and so revolving at times would start the said carder machine." And the defective condition of the building was alleged to be that "the underpinning of the floor upon which the said carder machine rested had been, sometime previous to the injury, so burnt by fire that the floor was swagged and became uneven, thereby placing the machine out. of line with the main shaft by which the machine was run, thereby causing at times the belt to shift of its own motion from the 'loose' to the 'tight' pulley starting the said machine; all of which was known or ought to have been known by defendant company, and was not known to petitioner." The defendant also excepted to the allowance of this amendment.

The plaintiff supported his allegations by proof upon the trial of the cause, his testimony also tending to establish the fact that he did not know of the defective condition of the pulley, had not been warned of it, but that upon several occasions it had slipped of its own motion and started the machines just as it did upon the day of the injury. At the close of his testimony the defendant asked that a nonsuit be granted, and, upon the court's refusal to award it, excepted. The defendant introduced evidence contradictory to that of the plaintiff, in reference to the material allegations of the petition. The jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, upon the general grounds, and upon others which will be taken up and discussed

seratim. To the overruling of its motion for a new trial the defendant excepted, still insisting upon its exceptions pendente lite.

1. After the amendment to plaintiff's petition was offered and allowed, the trial judge properly refused to sustain the defendant's special and general demurrers.

2. At the conclusion of the plaintiff's testimony, the defendant made a motion for a nonsuit, which the court overruled, and the defendant excepted. The court did not commit error in refusing to award the nonsuit. The evidence which had been introduced by the plaintiff when the motion was made would have authorized the jury to find a verdict in his favor.

3. One ground of the amended motion for a new trial complains of the admission of the testimony of several witnesses to the effect that there were carding machines on the same floor with that at which the plaintiff was injured, the alignment of which was imperfect, so that the belts running these machines would also slip of their own accord from the loose to the tight pulleys. This evidence was objected to on the ground that it was irrelevant, because "the alignment of one machine had nothing whatever to do with the alignment of others, and that the condition of the floor had nothing whatever to do with the alignment of the machines; because defendant's liability, under the pleadings, was determined by the question of the machine at which the plaintiff was hurt, which was a considerable distance from the machines referred to in the testimony." It would seem that this evidence is not objectionable on the ground of irrelevancy. There was some evidence tending to show that the floor sagged somewhat. Of course whether it did sag sufficiently to contribute to the disturbance of the proper alignment of the machines was a question entirely for determination by the jury, and in arriving at a determination of that question the jury should have been put in possession of all the facts that would throw any light upon it. The sagging, or sinking in of the floor, might or might not have contributed to the removing of that particular machine at which the plaintiff was hurt from its proper alignment; and the jury, as a preliminary step in deciding the question of alignment, might have wished to investigate all the causes that could have brought about the condition which the plaintiff insisted did exist at the time he received his injury; and the position of all the machines upon that

floor may have been helpful to the jury in their endeavor to arrive at the truth. Hence, the evidence as to the machines other than the one at which it is alleged the plaintiff was injured was not entirely irrelevant, inasmuch as the jury could have taken the same into consideration in determining whether or not there existed a general cause tending to bring about the improper alignment of all machines on the same floor upon which was situated the particular machine at which it is alleged the plaintiff was hurt. See Wigmore on Ev. § 441.

4. After the defendant had introduced evidence and closed, plaintiff was permitted to introduce other testimony not in rebuttal, over the objection of the defendant; and this is made one of the grounds of the motion for a new trial. But, as has been frequently ruled, the permission given the plaintiff to introduce other testimony, even though not in rebuttal, was a matter within the discretion of the trial court; and as it does not appear that that discretion was abused, the ruling of the court below will not be disturbed.

5. Another ground of the motion is based upon the following extract from the court's charge: "The defendant admits that the suit is properly brought against it in this county, but denies all allegations of negligence against it whatever." The criticism made upon this charge is that it did not sufficiently state the contentions of the defendant as made by the evidence in the case, and that it was too general and failed to state with sufficient clearness and fullness what allegations the defendant denied; and further, that the court should have stated to the jury "what allegations of the petition were allegations of negligence or liability, and which were not." This attack upon the charge must, of course, entirely fail, because of the absence of an affirmative allegation that the jury were nowhere in the court's instructions charged in regard to these particular matters. It is not a good ground of a motion for new trial that the court fails to give to the jury, in connection with a correct statement of the law and the contentions of the parties, other pertinent and proper instructions. And, for similar reasons, other grounds of the motion are disposed of as being without merit.

6. Movant also complains that the court erred in charging the jury as follows: "If the carder machine was stopped by slipping the belt from the tight to the loose pulley, and that was the proper

way to stop the machine and keep it stopped until the operator himself slipped the belt from the loose to the tight pulley, if the plaintiff did not know or ought to have known to the contrary, he would have the right to presume that the belt, once shifted from the tight to the loose pulley, and the machine thereby stopped, would remain stopped until again started. That I charge you as correct law, gentlemen, provided the defect was one that the plaintiff could not have discovered by the exercise of ordinary diligence." It is alleged that this portion of the charge was error, "because it was a question for the jury to determine whether the plaintiff would have the right to presume that the belt would stay shifted when once shifted, considering all the facts before them." And this point seems to be well taken. In charging as here alleged, the trial court went directly in the teeth of the statute which declares that it is error for a trial judge to express or intimate his opinion as to what has or has not been proved (Civil Code, § 4334). We can not imagine a more direct invasion of the province of the jury than for the court to instruct them that as to one of the facts material to be considered by the jury in passing upon the question as to whether or not the plaintiff himself was guilty of negligence, "he would have the right to presume that the belt, once shifted from the tight to the loose pulley, and the machine thereby stopped, would remain stopped until again started." This did not fall far short of instructing them that if the plaintiff took certain precautions while inserting his hand into a dangerous machine, he had the right to presume that the precautionary measures so taken would be equivalent to the exercise of due care and caution in guarding against an injury that might be brought about by the machine being set in motion. In brief, the court attempted to and did in one breath deal with and dispose of a vital question of fact. If any presumption at all arose as to what would be the effect of shifting the belt in question from the tight to the loose pulley, it was a presumption of fact, and should have been left for the jury's consideration alone, unaided by the court.

7. In another ground of the motion it is complained that the court erred in refusing a written request to give the following charge to the jury: "If you believe from the testimony that this injury was caused by the negligence of Simpson or Lively or Smith, and that Simpson and Lively and Smith were fellow-servants of

Cheatham, the plaintiff in this case, then I charge you that the plaintiff can not recover. By 'fellow-servants' I mean doing manual labor, engaged in and about the same kind of work, subject to the control of the same master. If the parties named were fellow-servants, and their negligence was the cause of the injury, this would be a risk which the plaintiff assumed, and he could not recover." This request was properly refused, as there was no evidence in the case which would have authorized the submission to the jury of the issues made thereby. After a close and patient study of the record we fail to discover any evidence whatever tending to show that the negligence of a fellow-servant was the cause of the injuries received by the plaintiff.

8. As the case will go back for another trial, we have refrained from discussing the evidence at any greater length than was required in order to pass upon the questions decided.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*