26487. LEE *v.* THE STATE.

DECIDED JANUARY 6, 1938.

*Duke Davis,* for plaintiff in error.
*L. L. Meadors, solicitor,* contra.

MacINTYRE, J. Grimsley, an officer, testified that he saw the defendant Lee on the day the crime was alleged to have been committed. "I went to his place of business out there, and they were selling beer. I checked on it some time, to be sure what was going on, and that is what I found. I found some beer in his place. He was actively engaged in the selling of beer at that time. . . Thomas and Mary Smith were there on this occasion, and they were engaged in selling beer also. . . I saw Thomas Smith selling beer that night. . . Mary told me she was selling beer, and I took her word for it. I saw several beer sales on the 21st [the occasion in question]. I saw money being passed at that time. . . Mr. Lee took all of the responsibility and said that it was his place, and that Mary and Thomas Smith were working for

him and handling beer." Mary Smith testified: "I was working for Mr. Lee at that time. Mr. Lee owned this place. He didn't necessarily instruct us about the sale of beer; we were just working for him. He had beer in the place. My brother and I were working in the store for Mr. Lee and selling beer for him. Most of the time I was waiting on the sandwich trade, my brother looked after the other business. I sold beer down there in December and January. Mr. Lee was in and out of the place all of the time. The money was put in the cash register." Thomas Smith testified: "I sold some beer out there and put the money in the cash register. I don't know who put it in the store. It was in the ice-box. It was always kept in the ice-box. I don't know what kind it was. I don't drink it. They call for several kinds of beer down there. We carried Atlantic ale and beer, and that is all I remember. I was selling beer down there on the 21st of December, 1936. I did not put any of the money in my pocket. I put it in the cash register. I don't know who got the money that was put in the cash register. I didn't have anything to do with the cash register; my sister checked that. I worked there on salary. I took orders from my sister, and we both worked for Mr. Lee. I don't know who she got her orders from. She was working there before I went there. Mr. Lee paid me my salary. He told me to work there in the place. I sold the beer. I pleaded guilty to that a while back. I didn't sell the beer for myself. I didn't derive any of the proceeds from it, but I suffered the penalty for it."

■ The officer having testified that "Mr. Lee took all of the responsibility and said it was his place, and that Mary and Thomas Smith were working for him and handling beer," this was an admission of participation in the handling of beer by the defendant, which resulted in a violation of the law, and is to be taken as direct and nor merely circumstantial evidence of guilt. *Strickland* v. *State*, 167 *Ga.* 452, 455 (145 S. E. 879). The testimony of Mary Smith, that "my brother and I were working for Mr. Lee and selling beer for him," is a statement of the clerk of the defendant that directly connects the defendant with the participation in the crime of selling beer without a license. This is direct proof that the defendant made an indirect sale of intoxicating liquors. *Hope* v. *State*, 7 *Ga. App.* 77 (66 S. E. 279). Hence the conviction of the defendant did not depend entirely on circumstantial evidence,

and it was not erroneous for the court to omit an instruction on the law of circumstantial evidence in the absence of a proper request. *Strickland* v. *State,* supra; *Paramore* v. *State,* 161 *Ga.* 166 (8) (129 S. E. 772); *McElroy* v. *State,* 125 *Ga.* 37 (53 S. E. 759); *Smith* v. *State,* 125 *Ga.* 296 (54 S. E. 127); *Long* v. *State,* 175 *Ga.* 274 (165 S. E. 75).

■ The court charged the jury: "The defendant, as you understand, insists that if there was any sale of beer made in his place of business, that it was done by his employees without his knowledge or consent. *I charge you, gentlemen, if you find from the evidence that the defendant had placed in charge of his place of business any employees and given them authority to conduct that business for him, and if you find that he placed beer in there along with the other stock of goods or merchandise of any sort in his place of business, that the presumption would be that these employees would have the right to sell such beer along in the general course of business with the other stock of goods or supplies that were in the place of business."* (Italics ours.) The defendant contends that the italicized part of the above excerpt from the charge was error, for the reason that it is "taking away from the province of the jury the right to draw such a conclusion in the ordinary test of human experience. There is no law that would require the court or jury to presume from such state of facts that a person would violate the law." The charge of the court does not say that the *law* raises a presumption from the facts hypothetically stated that the defendant committed the offense. This would be a presumption of law, and if charged would be erroneous. But the charge in effect says that such facts raise a *presumption of fact* that the employees would be authorized, under the general authority from their employer, to sell such beer along in the general course of business with the other stock of goods or supplies that were in the place of business. It seems to us that the court was conveying to the jury the idea that if they found certain facts to exist, these facts would be sufficient to show, or to authorize the jury to infer, a general authority by the employer to his clerks to sell unlawfully, and that the employer would be liable for any single sale made by the clerk pursuant to such general authority. Presumptions of fact are conclusions and inferences which the jury are authorized to draw from given facts, to be decided by the ordi-

nary test of human experiences and are for the jury. The charge was not erroneous for any of the reasons assigned. Presumptions of fact are rebuttable. The charge in this case in effect says that the facts hypothetically stated raise a certain presumption of fact which is rebuttable and leaves it to the jury to determine what inference they will draw from the existence of such facts. *Cook* v. *State*, 49 *Ga. App.* 86, 88 (174 S. E. 195); *Lewis* v. *State*, 120 *Ga.* 508 (48 S. E. 227).

The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*