29099.   COLLINS *v.* THE STATE.

DECIDED DECEMBER 5, 1941.

*E. L. Stephens,* for plaintiff in error.

*J. Eugene Cook, solicitor-general, Emory S. Baldwin Jr.,* contra.

MACINTYRE, J.   Jessie Mae Collins was convicted of involuntary manslaughter in the commission of a lawful act without due caution and circumspection.   Her motion for new trial was overruled and she excepted.

■   The evidence for the State authorized a finding that at the time in question the defendant was driving a pickup truck.   A few minutes before the collision which resulted in the death of H. L. Hodges, the defendant passed a car driven by William S. McIntosh.   He estimated the speed of the truck at about seventy miles per hour.   At the time of the collision the defendant was attempting to pass a gasoline truck on a little hill, and was in the "dead center" of the left traffic lane according to the direction in which she was traveling.   The car in which the deceased was riding had pulled fourteen inches off the road on its right side at the time of the collision, apparently attempting to avoid the collision.

Where the negligent act of the driver of the automobile causing the death was lawful, there is no criminal responsibility unless there was criminal negligence in its performance.   Wharton's Homicide, 681, § 446 (11).   "Criminal negligence is something more than ordinary negligence which would authorize a recovery in a civil action.   Criminal negligence as used in our Code is the reckless disregard of consequences, or a heedless indifference to the rights and safety of others, and a reasonable foresight that injury would probably result."   *Cain* v. *State, 55 Ga. App.* 376

(190 S. E. 371). "And to make a lawful act carelessly performed, resulting in death, a criminal one, the carelessness must have been gross, implying an indifference to consequences." Wharton's Homicide, 681, § 446 (12). "But the mere fact that an accident happened through an honest misapprehension of the surrounding circumstances, or by reason of a mistake in judgment, will not excuse the person whose act caused it, where such misapprehension or omission resulted from negligence in failing to observe and obey any rule or precaution which it was his duty to obey and observe," Id. 682, § 446 (15).

From the evidence in this case the jury were authorized to find that the defendant, in undertaking to pass an automobile moving in the same direction, collided with another car on the defendant's left side of the road. Our statute defines manslaughter generally as consisting of "the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner." Code, § 26-1009. Thus, a lawful act done in an unlawful manner and resulting in a death is prohibited by a positive law. We have a statute designed for the protection of human life and limb which makes it a criminal offense for the driver of an automobile to pass another car going in the same direction where the way ahead is not clear of approaching traffic. Code, §§ 68-303 (d), 68-9908. The defendant contends that while the evidence might have authorized a conviction of involuntary manslaughter in the commission of an unlawful act, to wit, violating Code § 68-303 (d), yet it did not authorize a conviction of involuntary manslaughter in the commission of a lawful act in an unlawful manner. The mere going on the left side of the road in passing another automobile going in the same direction is not unlawful, but this act may be done in violation of the special statute (Code, § 68-303 (d)) or it may be done by committing a lawful act in such a careless and negligent way as to bring it within the statute defining involuntary manslaughter in the commission of a lawful act in an unlawful manner. Code, § 26-1009. The defendant is seeking to upset a verdict finding her guilty of the lowest grade of involuntary manslaughter, that is, in the commission of a lawful act in an unlawful manner. The question presented is whether the evidence authorized a finding that the

act or acts proved included all the essential elements of this grade of involuntary manslaughter. If it did the verdict should stand.

It is immaterial that the act or acts proved included all the elements of involuntary manslaughter in the commission of an unlawful act, or even all the elements of murder. "Where the evidence would justify the jury in finding the defendant guilty of murder or manslaughter, and the verdict is for the minor offense, it will not be disturbed on the ground that it is contrary to the testimony." *Carr* v. *State,* 13 *Ga.* 328. The fact that a verdict of guilty of a higher offense of criminal homicide than the one found would have been supported by the evidence is immaterial. The question here is, could the defendant have been indicted for and convicted of the lower grade of homicide, to wit, involuntary manslaughter in the commission of a lawful act in an unlawful manner? It is not whether she could have been convicted of another crime of a higher grade of homicide than the one for which she stands convicted. *Mosley* v. *State,* 65 *Ga. App.* 800 (16 S. E. 2d, 504); *Martin* v. *State,* 123 *Ga.* 478, 479 (51 S. E. 334). The act or acts proved in the instant case include all the elements of both the lower and the higher grades of the crime of involuntary manslaughter, and the defendant could have been indicted for and convicted of either, and the verdict finding her guilty of the lower grade of involuntary manslaughter (in the commission of a lawful act in an unlawful manner) will not be disturbed on the ground that it was contrary to the evidence. The defendant was convicted of the lowest grade of involuntary manslaughter. The element differentiating the lowest grade of involuntary manslaughter from a noncriminal killing is that in the former the negligence must be more than ordinary negligence which would be sufficient to authorize a recovery in a civil suit, and must go to the extent of being gross or culpable negligence, whereas in the latter there is an absence of culpable negligence in the performance of the lawful act which resulted in the death of a human being. The evidence authorized a finding that in attempting to pass the automobile traveling in the same direction, the defendant, under the circumstances of this case, showed a purpose to take a known chance of perpetrating an injury on another, in that she knew automobiles were likely to be approaching on the public highway and was so indifferent to the rights of others that she

329

acted as if they did not exist, and that she was thus guilty not of merely ordinary negligence but of a higher degree thereof, to wit, gross or criminal negligence. 12 Blashfield's Cyc. Auto. Law, § 8217. *Flannigan* v. *State,* 136 *Ga.* 133 (70 S. E. 1107); *McDonald* v. *State,* 152 *Ga.* 223, 229 (109 S. E. 656); *Jones* v. *State,* 185 *Ga.* 68 (194 S. E. 216). The evidence authorized a conviction of the lowest grade of involuntary manslaughter.

■ Special ground 1 complains of the failure of the judge to charge the jury as requested with reference to the weight to be given the defendant's statement. "It has been repeatedly held by this court that it would be better, in charging on [the weight to be given] the defendant's statement, to follow the statute [Code, § 38-415], and there leave the matter." *Morgan* v. *State,* 119 *Ga.* 566 (46 S. E. 836). See *Barber* v. *State,* 61 *Ga. App.* 578 (6 S. E. 2d, 797). It has also been said: "There is no obscurity or ambiguity in the statute [Code, § 38-415]. The legislature has made the matter as clear as can the judiciary. Why should not the legislature be left to address the jury in its own language?" *Harrison* v. *State,* 83 *Ga.* 129, 136 (9 S. E. 542). "It is the better practice for trial judges, in charging upon the defendant's statement, to confine themselves to the statute just as it reads. It can not be improved upon, so long as it remains of force." *Bates* v. *State,* 18 *Ga. App.* 718, 724 (90 S. E. 481). The judge's charge here with reference to the defendant's statement complied with the rules laid down by the Supreme Court and this court, and this ground is not meritorious.

■ Special grounds 2, 3, and 4 all complain of failure to charge as requested in certain respects. The judge in charging the jury adopted the method of enumerating the acts and conduct constituting all the essentials of the offense charged, and instructed the jury that if these were established by proof, such acts and conduct would be sufficient, if proved beyond a reasonable doubt, to authorize the defendant's conviction, but that a failure to prove any one of the essentials would require an acquittal. This is permissible and is a correct form of charge. *Cox* v. *State,* 105 *Ga.* 610 (31 S. E. 650). The court substantially charged the principles of law contained in the requests set out in these grounds. The defendant was not entitled to have the court adopt her language, framed in argumentative form, and emphasizing selected facts in her interest, where the

charge as a whole covered plainly and in substance the principles of law stated in the requests. The failure to give the charge in the language requested was not reversible error. *Summer* v. *State,* 55 *Ga. App.* 185 (2) (189 S. E. 687) ; *Central Railroad* v. *Harris,* 76 *Ga.* 501, 511; *Clark* v. *State,* 52 *Ga. App.* 61 (182 S. E. 195).

■ In special ground 5 the defendant contends that it was reversible error for the judge to fail to charge on the law of circumstantial evidence. The defendant admitted she was driving the truck which collided with the car in which the deceased was riding. Such an admission was an admission of a fact directly connecting the defendant with the commission of manslaughter, the crime for which she was convicted, and under such an admission the conviction did not depend wholly on circumstantial evidence. In the absence of a request there was no error in the court's failure to charge the law of circumstantial evidence. *Cammons* v. *State,* 59 *Ga. App.* 759, 769 (2 S. E. 2d, 205) ; *Strickland* v. *State,* 167 *Ga.* 452 (145 S. E. 879) ; *Lee* v. *State,* 57 *Ga. App.* 164 (194 S. E. 846) ; *Scott* v. *State,* 57 *Ga. App.*-489, 491 (195 S. E. 923).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*