30698. GILSTRAP *v.* THE STATE.

MACINTYRE, J. 1. The defendant made a statement to the jury, but introduced no evidence. There was no request to charge. Counsel for the defendant complains of the following charge, to wit: "He is allowed to make to the Court and jury such statement in his own behalf as he sees fit, and you are authorized to give to this statement just such weight and credit as you think it is entitled to receive. You may believe it in part or reject it in part; you may believe it in part or reject it as a whole; you may believe it in preference to the sworn testimony in the case," because the court failed to instruct the jury that they were authorized to acquit the defendant if they believed the defendant's statement in preference to the sworn testimony in the case. The defendant cites no authority to support such a contention. Subsequently the court instructed the jury in effect that, if from the evidence and the defendant's statement, there was a reasonable doubt upon their minds as to the guilt of the defendant he should be acquited.

*Held*: In the language of the Supreme Court, "It has been repeatedly held by this court that it would be better, in charging [the weight to be given] the defendant's statement, to follow the statute [Code, § 38-415], and there leave the matter." *Morgan* v. *State*, 119 *Ga.* 566 (46 S. E. 836). See in this connection, *Collins* v. *State*, 66 *Ga. App.* 325, 329 (18 S. E. 2d, 24). The excerpt here attacked was not erroneous.

2. "The failure of the judge in a murder case to charge the jury the provisions of the Penal Code, § 76 [Code of 1933, § 26-1017], will not be reason for granting a new trial, when it clearly appears from the charge that the jury were informed that if they found the contentions of the accused to be true, they must return a verdict of not guilty." *Nix* v. *State*, 120 *Ga.* 162 (3) (47 S. E. 516). See also, *Carter* v. *State*, 15 *Ga. App.* 343 (83 S. E. 153); *Wilensky* v. *State*, 15 *Ga. App.* 360 (83 S. E. 276); *Watson* v. *State*, 136 *Ga.* 236, 239 (5) (71 S. E. 122). The failure to charge § 26-1017, was not reason for granting a new trial in the instant case.

3. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED MARCH 14, 1945.

*Mrs. Charles Camp,* for plaintiff in error.
*Henderson Lanham, solicitor-general,* contra.