## 33802. RIDLEY *v.* THE STATE.

DECIDED FEBRUARY 19, 1952.

*Mitchell & Mitchell, John C. Mitchell,* for plaintiff in error.
*Warren Akin, Solicitor-General,* contra.

MacINTYRE, P. J. ■ In special ground 3 of the defendant's motion for a new trial, as amended, he contends that the court erred in refusing to give the following request to charge: "I charge you that, if you should find that a fist used in striking, or a shoe on the foot used in kicking, is not a weapon which would ordinarily produce death, and therefore not ordinarily a deadly weapon, and if the circumstances demonstrate to the jury that there was no intention to kill, then even though a blow or blows inflicted by the accused and causing the death of the deceased, if such blows were inflicted by the accused, were not justified, the accused could be guilty of only the offense of involuntary manslaughter; the grade of involuntary manslaughter to be determined by the jury from whether the blow or blows were inflicted as a result of an unlawful act; or whether under the circumstances the accused was justified in striking a blow, but in administering it he did not use due care and circumspection.

If such blow or blows were inflicted as the result of an unlawful act, the offense would be involuntary manslaughter in the commission of an unlawful act; if the accused was justified in striking a blow, but in administering it he did not use due care and circumspection, the offense would be involuntary manslaughter in the commission of a lawful act without due caution and circumspection." The errors alleged in this ground are: "Said written request to charge being pertinent and applicable to the issues and facts in said case, and movant having submitted such request to charge in writing before the jury retired to consider their verdict, movant avers: (a) That said written request to charge was accurate and sound as a proposition of law. (b) That the request was not covered or substantially covered by the general charge. The entire charge of the court in reference to the offense of involuntary manslaughter in the commission of a lawful act without due caution and circumspection is as follows: 'Manslaughter is the unlawful killing of a human creature without malice, either express or implied, and without any mixture of deliberation whatever, which may be voluntary, upon a sudden heat of passion, or involuntary in the commission of an unlawful act, or a lawful act without due caution and circumspection,' and: 'Involuntary manslaughter in the performance of a lawful act, where there has not been observed necessary discretion and caution, shall be punished as for a misdemeanor,' and: 'If you do not believe beyond a reasonable doubt that the defendant is guilty of either murder or voluntary manslaughter, or involuntary manslaughter in the commission of an unlawful act, you would go one step further and decide whether or not the defendant is guilty of involuntary manslaughter in the commission of a lawful act, but failed to observe the necessary discretion and caution, and in the event you convict the defendant of the offense of involuntary manslaughter in the commission of a lawful act, but without due caution and circumspection, your verdict would so state. The punishment for that is punishment as for a misdemeanor, and if you find him guilty as stated, this would be the form of your verdict: "We, the jury, find the defendant guilty of involuntary manslaughter in the commission of a lawful act, but without due care and circumspection." That being a misdemeanor, you would not fix the punishment,' and:

'If you do not believe beyond a reasonable doubt that the defendant is guilty of the offense of murder, or voluntary manslaughter or involuntary manslaughter in the commission of an unlawul act, or involuntary manslaughter in the commission of a lawful act, but without due caution and circumspection, or if there is a reasonable doubt in your minds as to his guilt on any of these charges, it would be your duty to acquit him. In that event the form of your verdict would be: "We, the jury, find the defendant not guilty." ' The above quoted four excerpts from the charge of the court contain every expression of the court in his charge to the jury in reference to the offense of involuntary manslaughter in the commission of a lawful act without due caution and circumspection. The court, nowhere in his charge to the jury, instructed the jury as to what constituted or what acts would constitute the offense of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, so that the jury could determine whether or not under the facts of this case the offense constituted involuntary manslaughter in the commission of a lawful act without due caution and circumspection."

When this case was formerly before this court (*Ridley* v. *State,* supra), it was held that the trial court committed reversible error in not charging on the law of involuntary manslaughter in the commission of a lawful act without due caution and circumspection. The evidence adduced upon the subsequent trial, presently under consideration, is not materially different from what it was on the former trial and the court in the trial here under consideration charged on the law of voluntary manslaughter in the commission of a lawful act without due caution and circumspection as has been stated above.

The request to charge, which we have quoted above, is a correct and pertinent legal charge under the evidence. *Warnack* v. *State,* 3 *Ga. App.* 590, 596 (60 S. E. 288) ; *Dorsey* v. *State,* 126 *Ga.* 633, 634 (55 S. E. 479). When the request to charge is in writing, is legal and pertinent, the court should give it "in the language requested" (Code, § 70-207) ; or at least should, as has been often held by the Supreme Court, give it substantially as requested. *Ocean Steamship Co.* v. *McAlpin,* 69 *Ga.* 437, 440. The refusal to give a legal, pertinent charge in the language

requested has generally been held erroneous unless there was a substantial compliance with the request, but in the case of a substantial ·compliance it has been deemed and held sufficient. *Werk* v. *Big Bunker Hill Mining Corp.*, 193 *Ga.* 217, 236 (17 S. E. 2d, 825). "What must have been intended by the phrase 'in the language requested'? In the law, we are simply trying to get at the substance of things regardless of form. Language is only the *means* of expressing thought or feeling, and is thus a mere form or vehicle. This statute therefore must have been concerned with the thought or principle to be expressed, and not with the mere mode of expression. So it was evidently not its purpose to require a charge even in words of similar form or structure, where in the general charge the principle invoked is just as plainly and understandably expressed, and as concretely related, as in the request presented; the mere matter of *words* not being controlling." *Werk* v. *Big Bunker Hill Mining Corp.*, supra, at page 240. "Stated differently, if the request is specific, so must the charge be specific; if the request itself merely embodies an abstract principle, so may the charge be abstract." *Werk* v. *Big Bunker Hill Mining Corp.*, supra, at page 239. "The court is not bound to charge in the exact language of the request; and a new trial will not be granted for refusing to charge as requested, when the charge given substantially covers the request, which request was not more specific in its application than was the charge as given." *Brown* v. *State,* 195 *Ga.* 430 (1) (24 S. E. 2d, 312). But a new trial will be granted for refusing to charge a correct and pertinent legal request where in the general charge the principle invoked is not just as plainly and understandably expressed and as concretely related in the charge as given as in the request presented, "the matter of words not being controlling."

Where, as in the instant case, the request is a correct and pertinent legal one and is more specific in its application than the charge as given and the charge as given was not given substantially as requested, a new trial is required. The general charge did not deal specifically with the law where the defendant was justified in striking the blow or blows with his fist or his shoe, which resulted in the death of the deceased, and yet could be found guilty of involuntary manslaughter in the commission

of a lawful act without due caution and circumspection; and he, having been convicted of the higher offense, must be granted a new trial.

■ In special ground 1 the defendant contends that the court erred in refusing to charge the following written request: "I charge you that if you should find that under all the circumstances as they are shown to have existed at the time by the evidence in this case, giving to the defendant's statement due credit, that E. D. Ridley had a right to prevent Basil Cox from assaulting him, even though E. D. Ridley thought that Basil Cox intended only to assault and beat, and not to seriously injure him, and that E. D. Ridley, under such circumstances, without the intention to kill Basil Cox, did strike and kick Basil Cox about the head, face and body, inflicting upon Basil Cox wounds which resulted in the death of Basil Cox, then under such circumstances you might convict the defendant, E. D. Ridley, of the offense of involuntary manslaughter in the commission of a lawful act, without due caution and circumspection, but you would not be authorized under such circumstances to convict the defendant of either of the offenses of murder, voluntary manslaughter, or involuntary manslaughter in the commission of an unlawful act."

The court charged the general principles and abstract law applicable to murder, voluntary manslaughter, involuntary manslaughter in the commission of an unlawful act, and involuntary manslaughter in the commission of a lawful act without due caution and circumspection. The court charged under what circumstances the jury would be authorized to convict or acquit the defendant of any one of these crimes. The defendant is entitled to a concrete application to the peculiar facts of the case, if he presents a timely written request to charge; but he is not entitled to have the request given in charge unless it is itself correct and perfect. *Alexander* v. *State*, 66 *Ga. App.* 708, 713 (19 S. E. 2d, 353); *Tanner* v. *State*, 161 *Ga.* 193, 198 (130 S. E. 64); *Jones* v. *State*, 46 *Ga. App.* 679, 682 (169 S. E. 46), and cit.; *Evans* v. *Caldwell*, 52 *Ga. App.* 475 (184 S. E. 440); *O'Dowd* v. *Newnham*, 13 *Ga. App.* 220 (10), 223 (80 S. E. 36); *Watts* v. *State*, 120 *Ga.* 496 (48 S. E. 142); *Harrell* v. *State*, 121 *Ga.* 607 (5) (49 S. E. 703).

The trial court in effect followed the suggestion frequently made by this court and the Supreme Court that the best practice of conveying the defendant's statement to the jury is to use the language of Code § 38-415 without elimination, transposition, or amendment (*Millen* v. *State,* 175 *Ga.* 283, 288, 165 S. E. 226), and there leave the matter (*Collins* v. *State,* 66 *Ga. App.* 325, 329, 18 S. E. 2d, 24; *Morgan* v. *State,* 119 *Ga.* 566, 46 S. E. 836).

"The jury trying a criminal case are sworn to give a true verdict according to evidence. It is important for them not to confound the prisoner's statement with the evidence or the evidence with the statement. The statute allows them to give the statement such force as they think proper, and even to believe it in preference to the sworn testimony. In charging them the court should keep the evidence distinct from the statement and shape the general tenor of the charge by the evidence alone and the law applicable to it. For if the court should mingle evidence and statement together, the jury might find it difficult to separate them and might fail to understand the import of the instructions delivered from the bench. At some stage of the charge the statutory provisions touching the statement ought to be made known to the jury, and this as has frequently been suggested by this court, is usually enough to say touching the statement. The statute on the subject is so plain and explicit as to need no exposition or comment. If, however, a special request to charge on any matter of defense set up in the statement is made in writing, the request ought to be granted when the charge requested is applicable to the matter of the statement and expressed in appropriate terms. This is the best method of conducting the somewhat complicated and anomalous system of trial which prevails in this State in consequence of the statutory privilege of annexing unsworn statement to sworn testimony. The statement may have the effect of explaining, supporting, weakening or overcoming the evidence, but still it is something different from the evidence, and to confound one with the other, either explicitly or implicitly, would be confusing and often misleading. The jury are to give the statement such force as they think proper. Its rightful force may be either against the prisoner or for him, or it may be entitled to none whatever. The jury are to deal with it on the plane of statement and not on the plane of

evidence, and may derive from it such aid as they can in reaching the truth." *Vaughn* v. *State*, 88 *Ga.* 731, 738 (16 S. E. 64).

In the instant case the defendant in his request to charge mingled the defendant's statement and the evidence together and enjoined the jury to give the defendant's statement "due credit," when, under the law, the jury was not required to give the defendant's statement any credit whatsoever if it did not desire to do so. The defendant did not see fit to use the language, "where the evidence and the defendant's statement, taken together," etc., which is the language used in *Warnack* v. *State*, 3 *Ga. App.* 590 (2) supra, one of the cases upon which the request is based; nor do we think that the defendant used language of like significance or import, and the jury might have found it difficult to separate them, and might have failed to understand the import of the requested charge if it had been given. The request being subject to this imperfection, the court did not err in refusing to give it in charge.

Moreover, the court charged what facts, upon the proof of which, the jury would be authorized to find the defendant guilty of murder, voluntary manslaughter, involuntary manslaughter in the commission of an unlawful act, and involuntary manslaughter in the commission of a lawful act without due caution and circumspection; and the court charged what facts, upon the lack of proof of which, the jury could not find the defendant guilty of any of these crimes. There was no request to charge more specifically upon the first three of the four crimes listed above, but, as to the last of such crimes, the defendant presented the written request here under consideration. The last clause of the request stated, "but you would not be authorized under such circumstances to convict the defendant of either the offense of murder, voluntary manslaughter, involuntary manslaughter in the commission of an unlawful act." The request left out what proof the lack of which would authorize the jury to find the defendant not guilty of murder, voluntary manslaughter, involuntary manslaughter in the commission of an unlawful act, and in the same breath told the jury it could find the defendant guilty of involuntary manslaughter in the commission of an unlawful act without due caution and circumspection. As to the guilt, if any, of the defendant of any one of the four crimes listed above,

it was a question of fact which should have been left to the jury for their consideration alone, unaided by the court's indulging in such specific inferences of fact (*MacDougald Construction Co.* v. *Mewborn*, 34 *Ga. App.* 333, 338, 129 S. E. 917; *Standard Cotton Mills* v. *Cheatham*, 125 *Ga.* 649, 54 S. E. 650); and we think that it was a proper exercise of the judgment of the trial court to determine that the request, if given, would have misled the jury as to the true meaning of the case. *Long* v. *State*, 12 *Ga.* 293, 323; *Harrell* v. *State*, 121 *Ga.* 607, 611, supra.

"The court may not indicate a specific inference of fact, however potent it may be in determining the question at issue. Under this rule the court exceeds its privileges where it attempts to instruct, as a matter of law, that the existence of one fact depends upon the existence of another." Reid's Branson, Instructions to Juries, Vol. I, p. 45, § 20, footnotes 93 and 94. The requested charge was a hypothetical statement by way of instructions and was insufficient because it ignored some of the facts necessary to be found as a basis for the request. *Standard Cotton Mills* v. *Cheatham*, supra; *Southern Railway Co.* v. *Wilcox*, 59 *Ga. App.* 785, 791 (2 S. E. 2d, 225); Lacey *v.* State, 154 Ala. 65 (45 So. 680). It was not, therefore, error for the trial court to refuse to give the requested charge.

■ "Where a judge gives in charge to the jury the general principles of law applicable to an issue in the case, a party who desires more specific and concrete instructions as to one of his contentions should make the request therefor in writing." *Byrd* v. *Grace*, 43 *Ga. App.* 255 (158 S. E. 467). Applying this rule to the charge which special ground 2 alleges should have been given, the refusal or failure to charge was not error.

■ The refusal of the requests to charge relative to the weight of positive and negative testimony, as complained of in special grounds 4 and 5, was not erroneous, as both requests are open to the criticism that each failed to instruct the jury that, in weighing the testimony of each witness, the rule stated in the requests applies only when the witnesses are of equal credibility. *Great American Indemnity Co.* v. *Oxford*, 68 *Ga. App.* 884, 886 (24 S. E. 2d, 726); *Moore* v. *State*, 57 *Ga. App.* 287, 289 (195 S. E. 320).

■ The court is not required to charge in the exact language of

the request; and here, while the words of the request which the court refused to give are not in form or structure similar to the charge which was given, yet the principles invoked in this request are just as plainly and understandably expressed and concretely related in the charge given as in the request; and mere words not being controlling, the court did not err in refusing to charge the request set out in special ground 6. *Brown* v. *State*, 195 *Ga.* 430, supra; *Werk* v. *Big Bunker Hill Mining Corp.*, 193 *Ga.* 217, 240, supra.

■ Since the case must be remanded for a new trial for the reason stated in division 1 of this opinion, and since we cannot be sure what evidence will be presented on the new trial, the general grounds of the motion are not considered at this time.

*Judgment reversed.*   *Gardner and Townsend, JJ., concur.*