### 35067. BAILEY v. THE STATE.

TOWNSEND, J. 1. On an indictment for murder and conviction of voluntary manslaughter, the defendant, in the first special ground of his amendment to motion for a new trial, assigns error on the failure of the court to charge on request the following: "If you should find from all the evidence produced to you in this case, including the defendant's statement, that at the time Donald Bailey, defendant, shot and killed his father, M. B. Bailey, if you find that the defendant did shoot and kill the deceased, that said deceased, while under the influence of intoxicating liquor, with an open knife in his hand, the same being an instrument likely to produce death, cursing and threatening to kill the entire family, was attempting to enter the dwelling house where defendant, his two sisters and his mother were at the time located, and if you further find from all of the circumstances that such conduct upon the part of the said deceased was sufficient to arouse the fears of a reasonable

person, and that such conduct upon the part of said deceased did so excite the reasonable fears of the defendant that his life or the life of either of his sisters or the life of his mother was in danger, or that said deceased was about to make a felonious attack upon the defendant or upon either of his sisters or upon his mother, and if you find further from all of the circumstances that because of these reasonable fears so aroused, and acting in good faith, and not because of any spirit of revenge, and not as a result of any sudden heat of passion, and without any mixture of deliberation whatever, defendant shot and killed deceased, defendant would not be guilty of any offense whatever, and it would be your duty to acquit him." The defendant admitted the killing, and his sole defense was based on justification. The court did charge the jury as follows: "If you believe from all the circumstances of the case that the situation was such as to excite the fears of a reasonable man, in the situation of the defendant, that a felony was about to be committed upon him or upon either of his sisters or upon his mother, or that his life or the life of either of his sisters or the life of his mother was in danger, and that the defendant acted under the influence of those fears and not in a spirit of revenge, then you should acquit him . . . [if he] believed in good faith that he was in danger or that one of his sisters was in danger or that his mother was in danger that a felony was about to be committed or a serious personal injury was about to be committed upon them or either of them."

The only substantial difference between the charge as given and as requested is that in the former the court left it to the jury to consider the evidence before them, including the defendant's statement, in applying the rule, while in the request the court would have called to the jury's attention certain specific acts (all of which were contained either in the evidence or the defendant's statement), and would have charged them that, *if they found that this state of facts, as shown by the evidence, existed, they would then apply the rule as given.* Thus, the charge as requested was more specific than the charge as given. The rule as to modifying requests is that the charge must be given substantially as requested, and that, "if the request is specific, so must the charge be specific; if the request itself merely embodies an abstract principle, so may the charge be abstract." *Ridley* v. *State,* 85 *Ga. App.* 331, 335 (69 S. E. 2d 668); *Werk* v. *Big Bunker Hill Mining Corp.,* 193 *Ga.* 217 (17 S. E. 2d 825). Where, as here, the request to charge is pertinent, apt, and legally correct, the defendant is entitled to a charge equally as specific as that requested, and substantially in the language requested. The requested charge here is not subject to the vice of being argumentative, and the charge as given did not refer to any specific state of facts which the jury should consider in applying the rule given. It was not, therefore, a compliance with the provisions of Code § 70-207 that it be given "in the language requested." Such failure is a good ground of a motion for new trial, and demands reversal of this case.

2. There is no merit in special grounds 2 and 3, contending that the court should have charged without request certain principles of law in regard to justifiable homicide. Under the charge as a whole, the court clearly stated that, if the homicide were justifiable, or if, acting under the fears of a reasonable man, it appeared that it was necessary to prevent the

. perpetration of a felony upon himself or his mother or sisters, he should be acquitted.

3. The general grounds are not passed upon, as the case is to be tried again. The trial court erred in denying the motion for a new trial.

*Judgment reversed.   Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 11, 1954.

*Claude V. Driver, Emmett Smith,* for plaintiff in error.

*W. A. Foster, Jr., Solicitor-General pro tem.,* contra.