### A92A1497. BILLUPS v. THE STATE.
(424 SE2d 355)

SOGNIER, Chief Judge.

Ricky Billups was convicted of two counts of violating the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq., by selling cocaine and by selling a noncontrolled substance upon the implied representation that it was a controlled substance. He appeals.

The evidence adduced at trial showed that in the summer of 1991, Betty Echols, an undercover agent with the Ocmulgee Drug Task Force, was engaged in an undercover operation in Putnam County. Echols testified that on August 1, 1991, while accompanied by a confidential informant at a nightclub in Eatonton, she purchased a white powdery substance contained in a plastic bag from a man she later identified as appellant. Echols further testified that in the early morning hours of August 16, 1991, she drove by the same nightclub with the same confidential informant and again encountered appellant. She asked him for a "ten," and after informing Echols that only "twenties" were available appellant took her $20 bill and "dropped in [her] hand a small rock looking substance." The chain of custody of the substances purchased by Echols was proved, and the State's forensic chemist testified that the white powder in the plastic bag was cocaine and the small rock was simply a pebble or stone, such as one might pick up "off the ground."

1. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal on the charge of selling a noncontrolled substance upon the implied representation that the substance

was cocaine. See OCGA § 16-13-30.1 (a) (1) (A). An implied representation may be shown by proving that the sale price of the substance was "substantially in excess of the reasonable value of the noncontrolled substance," and that the substance sold was "substantially identical to a specific controlled substance" in appearance. OCGA § 16-13-30.1 (b) (1), (2). Contrary to appellant's argument, there was evidence authorizing the jury to find that the statutory requirement was satisfied, given that the appearance of the noncontrolled substance was so "substantially identical" to that of rock cocaine that an undercover agent whose assignment was to purchase actual cocaine bought it.

We likewise find without merit appellant's argument that because the State failed to prove the "reasonable value" of the pebble no conclusion could be drawn that the sale price of the pebble was "substantially in excess of" its actual reasonable value, and thus the State failed to show appellant had impliedly represented that the substance was cocaine, a necessary element of the crime charged. The jury could have concluded, based on their common sense and "the ordinary test of human experiences," see *Lee v. State*, 57 Ga. App. 164, 166-167 (194 SE 846) (1938), that $20 is "substantially in excess of" the "reasonable value" of an ordinary pebble such as one might pick up off the ground. No expert testimony or other evidence was required to authorize the jury to draw this conclusion, and since the evidence was sufficient to authorize a conviction and did not demand a verdict of acquittal, the trial court did not err by denying appellant's motion for a directed verdict of acquittal made on this ground. See generally *Levitt v. State*, 201 Ga. App. 63-64 (1) (410 SE2d 170) (1991).

2. Appellant contends that Echols' testimony that she was positive appellant was the person from whom she made the purchases in question was conclusory and impermissibly invaded the jury's province of determining her credibility. We do not agree. In an analogous context — a proposed in-court identification where an impermissibly suggestive pretrial identification has taken place — our courts have held that the admissibility of a proposed in-court identification depends on several factors indicating reliability, including the level of certainty demonstrated by a witness in identifying the accused. See, e.g., *Wiley v. State*, 250 Ga. 343, 348 (296 SE2d 714) (1982). Since "[r]eliability is the criterion for determining admissibility" of identification evidence, *Anthony v. State*, 160 Ga. App. 842, 845 (287 SE2d 686) (1982), we find this rationale to be equally applicable in the circumstances at issue. Accordingly, we conclude that allowing a witness to state certainty regarding her identification of the defendant cannot be objectionable.

3. In his remaining enumeration of error, appellant contends the trial court erred by admitting, over a hearsay objection, Echols' testi-

mony that the confidential informant had told her appellant's name. This contention and appellant's objection are not well taken, as the testimony in issue was given by Echols not for the purpose of identifying appellant, but for other reasons, including explaining her conduct in writing appellant's name on the envelopes in which she placed the substances purchased in order to preserve the chain of custody. The testimony was thus not hearsay. See generally *Fugitt v. State,* 256 Ga. 292, 295 (1) (c) (348 SE2d 451) (1986); *Hurston v. State,* 194 Ga. App. 226 (390 SE2d 119) (1990). Based on his appearance, Echols positively identified appellant in court as the person from whom she had made the purchases. The fact that his name was related to her by the informant was thus superfluous and immaterial, and the trial court did not err by allowing the testimony.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 30, 1992.

*Lawrence & Ford, Francis N. Ford,* for appellant.

*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney,* for appellee.