A94A0912. KEY v. THE STATE.
(447 SE2d 697)

BLACKBURN, Judge.

Appellant, Michael T. Key, appeals his conviction for violating the Georgia Controlled Substances Act by the selling of crack cocaine.

The evidence at trial when viewed in light most favorable to upholding the verdict, shows that on December 19, 1991, as part of an ongoing drug investigation, Special Agent Daryl Chaneyfield of the Georgia Bureau of Investigation, along with another agent and a confidential informant, drove to Key's residence to purchase one-half ounce of crack cocaine from Key. The agents and the informant had

previously paged Key and were advised by Key to meet him at his residence. Shortly after the officers arrived at Key's residence, four males drove up in an automobile. Chaneyfield had not previously met Key and did now know him by sight. The informant identified Key to Officer Chaneyfield as everyone entered the residence. Chaneyfield then purchased the cocaine from Key for $400 cash.

Immediately after completing the drug buy, the agents and the informant left the residence and met with local narcotics agents. Viewing a photograph supplied by one of the local agents, Agent Chaneyfield identified Key therein. The chain of custody of the substance purchased by Chaneyfield was proven, and a Georgia Bureau of Investigation forensic chemist testified that the substance was cocaine.

Key's three enumerations of error all relate to the allowing by the trial court of Agent Chaneyfield's testimony that the confidential informant identified Key to him.

The testimony was relevant to explain Chaneyfield's conduct in purchasing the cocaine from the target of the undercover investigation. Therefore, such testimony was admissible. See OCGA § 24-3-2; *Billups v. State*, 206 Ga. App. 91, 93 (424 SE2d 355) (1992). "Based on his appearance, [Chaneyfield] positively identified [Key immediately after the transaction and] in court as the person from whom [he] had made the [purchase]. The fact that [Key was earlier identified to Chaneyfield] by the informant was thus superfluous and immaterial, and the trial court did not err by allowing the testimony." Id. Accordingly, Key's enumerations are without merit.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 29, 1994.

*J. Ellis Millsaps*, for appellant.
*Alan A. Cook, District Attorney, Christopher S. Brasher, Assistant District Attorney*, for appellee.