## FREEMAN v. NASHVILLE, CHATTANOOGA AND SAINT LOUIS RAILWAY COMPANY.

1. The summary of the contentions of the parties must embrace every material issue made by the pleadings. Where a plaintiff bases his action upon two alleged acts of negligence by the defendant as causing the injury complained of, the omission by the court to state plaintiff's contention as to one of the alleged acts of negligence and to charge the law appropriate thereto is error.
2. One is bound to use ordinary care to avoid the consequences of another's negligence; but this duty does not arise until the negligence of such other is existing, or is apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend the existence.

Argued May 25, — Decided June 10, 1904.

Action for damages. Before Judge Reece. City court of Floyd county. November 27, 1903.

*E. P. Treadaway, Harris, Chamlee & Harris*, and *Dean & Dean*, for plaintiff.    *Payne & Tye* and *W. J. Neel*, for defendant.

EVANS, J.    Major Freeman, by his next friend, sued the Nashville, Chattanooga and St. Louis Railway Company for certain injuries alleged to have been sustained because of the railroad's negligence while he was engaged in loading brick on defendant's cars.    The railroad company had extended a spur-track to the yards of the Rome Brick Company, and placed necessary cars on this spur-track to be loaded with brick.    Whenever it was necessary, the car in process of being loaded was temporarily shifted, so as to enable the railroad company to move out the loaded cars and station the empty ones.    At the time of the alleged injury the plaintiff was in the employ of the Brick Company, and was engaged in loading an open car (usually used for hauling coal) with brick.    He stood on the ground, and was pitching the brick to another employee in the car, who arranged them in tiers.    The work of loading the car had progressed to the extent of six rows of brick, each row containing ten layers, when the switch-engine and some empty cars were observed coming on the spur-track where the car which was being loaded was stationed.    The Brick Company's agent, who was superintending the loading, directed plaintiff to get on the partially loaded car to prevent the brick from falling when the switch-engine undertook to couple to this car for the purpose of moving it.    While so engaged the coupling was made, and the brick were knocked down on plaintiff.    Thus far in the narrative of the occurrences there is no substantial difference between the parties.    The plaintiff contended, and offered evidence tending to show, that the coupling was made with unusual violence; that he did not know nor had any opportunity of knowing that there was a hole in the bottom of the car; and that his foot became pinioned in this hole and the brick fell on him, inflicting serious injuries.    The defendant contended, and offered evidence tending to show, that the coupling was effected in the usual manner without unnecessary violence, and that the other men in the car got out of the way of the brick and were uninjured, and that if plaintiff was injured at all, the injuries were of a trivial nature.    The acts of negligence charged in the petition were the manner of making the coupling, which was alleged to be severe, violent, and reckless, and the furnishing by

defendant of a car in which there was a hole in the bottom.  The trial judge in his summary of the plaintiff's contentions wholly failed to refer to plaintiff's allegation of defendant's negligence in furnishing a car with a hole in the floor, and the omission is alleged as error.

1. It is the duty of the court, undertaking to state the contentions, to give to the jury the contentions on every substantial issue in the case.  The petition alleged that the defendant was negligent in two specific particulars, only one of which was stated to the jury.  The plaintiff might have escaped injury from the coupling of the cars but for the hole in the bottom of the car, through which he alleges that his foot passed and prevented him from getting out of the way of the falling brick.  If the company was not negligent in making the coupling, but was negligent in its failure to furnish a proper car, the plaintiff was entitled to have this alleged act of the defendant's negligence submitted to the jury. If the defendant was negligent in furnishing a defective car, and the plaintiff did not know of the defect, nor in the exercise of ordinary diligence could have known of such defect, and sustained an injury because of this defect, he would be entitled to recover, if by the exercise of ordinary care he could not have avoided the consequence of the defendant's negligence.  The petition made this issue, and the plaintiff was entitled to have it submitted to the jury.

2. The errors alleged in the remaining grounds of the amended motion relate to certain charges, which plaintiff in error criticises as not being adjusted to the facts of the case, and as eliminating the doctrine of contributory negligence.  The charges complained of contained literal excerpts from the opinion of Justice Cobb in *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708, and are adjusted to the particular facts of the case at bar, and are not open to the criticism made against them.  The substance of the charges given was, that one is bound to use ordinary care to avoid the consequences of another's negligence, but this duty does not arise until the negligence of such other is existing, or is apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend the existence.  There was no error in giving the charges complained of, and a new trial is granted because of the error stated in the first division of this opinion.                *Judgment reversed.    All the Justices concur.*