Judgment affirmed. *Luke and Bloodworth, JJ., concur.*

DECIDED MAY 14, 1930.

*James R. Davis, J. H. McGehee Jr.,* for plaintiff in error.
*E. M. Owen, solicitor-general, T. P. Stephens,* contra.

## 20492. ROWELL v. THE STATE.

DECIDED MAY 14, 1930.

*W. H. Lasseter,* for plaintiff in error.
*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J. The indictment in this case charged that the defendant Rowell did "forcibly, maliciously, and fraudulently lead, take, carry away and entice away Ruth Bass, a female child under the age of eighteen years, from her parent R. H. Bass, and against the will and without the consent of said R. H. Bass, said R. H. Bass being then and there the father of said Ruth Bass," etc. The trial resulted in the defendant's conviction, and he excepted to the overruling of his motion for a new trial.

The evidence shows that the defendant, a man about twenty-

seven years old, took the girl, who was sixteen years old, from her home in Ben Hill county to Tifton, Ga. in another county. The girl testified: "He [the defendant] said we would get married in Ocilla that night. . . We went through Ocilla, but didn't stop there. I said something to Rowell about stopping in Ocilla and getting married, and he told me that he had a boy friend at Tifton that would bring us right back to Ocilla and we would get married, that he wanted to take the suit-case to Tifton and leave it there, . . and he carried me to the Myon Hotel [at Tifton] and registered there as man and wife, and engaged a room there and carried me to that room, and I spent the remainder of the night in that room with him; . . didn't offer any excuse for not going back to Ocilla that night. . . Rowell told me before I left home with him that he had plenty of money in his pocket, and had property in Florida, and that we would go down there and make our home. . . My father did not know that I was leaving. There at Tifton me and Rowell occupied the same bed." R. H. Bass testified: "I am the father of Ruth Bass. . . I did not consent for him [the defendant] to take my daughter Ruth away from my home. . . It was against my will that he should carry her away from there. . . I didn't know when they left, didn't discover it until after they were gone." Roberts, deputy sheriff, testified that he saw the defendant and the girl "at the Myon Hotel in Tifton. They were in the room together, they were not dressed. Mr. Rowell had that night about seven dollars." The evidence amply authorized the jury to find that the defendant fraudulently, by promises of marriage and by representations as to his property and money, enticed the child from her father's home for an immoral and nefarious purpose, which he accomplished, and that the taking away of the girl was without her parent's knowledge or consent and against his will.

"Any person who forcibly, maliciously, or fraudulently leads, takes, or carries away, or decoys or entices away, any child under the age of eighteen years from its parent or guardian, or against his will, or without his consent, is guilty of kidnapping." Penal Code (1910), § 110. On an indictment based on this section it is not necessary to prove that the child was "forcibly" or "maliciously" carried away, if it be shown that the child was fraudulently enticed away without the consent or against the will of the parent.

"If a child be fraudulently decoyed or enticed away from its parent without the consent or against the will of the parent, it is not necessary to show that either force or malice entered into the transaction. The parental control has been wrongfully attacked and abrogated, though the child may have been willing to go away without the necessity for the use of force, and where the accused had no ill will whatever against either parent or child." *Arrington* v. *State*, 3 *Ga. App.* 30, 33 (59 S. E. 207). "The offense was complete if it was the purpose of the defendant fraudulently to deprive the parent, against his will and without his consent, of the dominion and custody of his child, and to substitute his own dominion, custody and control over the child for that of the parent." *Gravett* v. *State*, 74 *Ga.* 195.

In the only special ground of the motion for a new trial it is insisted that fraud, one of the elements of the crime, was not proved. This is but an amplification of the general grounds, and is without merit. The fact that the parent had permitted the defendant to go with his daughter on a previous occasion, as set out in the special ground of the motion, does not relieve the defendant of criminal liability for carrying her away on the occasion in question, which the parent testified was without his knowledge or consent and against his will.

The court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*