20616. HENDERSON *et al. v.* MURRAY

BELL, J. 1. Where to a suit upon a note a defendant files several defenses and supports each of them by evidence, an instruction which conveys to the jury the impression that the defendant should prevail only upon establishing all of such defenses is erroneous, and will constitute re-

versible error unless cured in some way. It is also error to charge the jury so as to exclude one of several defenses pleaded, where the evidence would authorize a verdict for the defendant upon such defense. *Freeman* v. *Nashville, Chattanooga &c. Ry. Co.*, 120 *Ga.* 469 (47 S. E. 931) ; *Henderson* v. *Maysville Guano Co.*, 15 *Ga. App.* 69 (5) (82 S. E. 588).

2. Accordingly, in a suit upon a note against a husband and wife, to which the wife pleaded (1) that the note was without consideration; (2) that it was executed under duress; and (3) that the defendant was a married woman, and that if the note represented any indebtedness whatever it was a debt of her husband and not of herself, and where the evidence would have authorized a verdict in favor of the defendant wife upon each of such defenses, the following charge, to wit: "I charge you that if you find the note was not made for a legal consideration; that the defendant [wife] received no benefit from it; that she signed it under duress, and that she was a married woman and that the debt for which the note was given was the debt of her husband, then you would find in favor of the defendant," was error as implying that it would be necessary for the defendant wife to prove all of such defenses before the jury would be authorized to find a verdict in her favor. The jury were nowhere instructed that proof of any one of such defenses would entitle the defendant to a verdict.

3. The defendant husband having filed the defenses of non est factum and want of consideration, and having supported each of such defenses by evidence, and the plaintiff having testified to certain facts which would have authorized the inference that the defendant husband received an indirect benefit from a transaction relating to the note, but which benefit would not have amounted to a valuable consideration, an instruction that "if you find that the note was given for a good consideration and that these parties were equally benefitted by it, then you would find in favor of the plaintiff in this case," was error as to both defendants, as tending to exclude defenses filed by each of them.

4. Because of the errors pointed out above, the verdict for the plaintiff should have been set aside and a new trial granted on the defendants' motion therefor. No other error appears.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

Decided January 15, 1931.

*S. F. Memory,* for plaintiffs in error. *S. Thomas Memory,* contra.