21079. EASTERN CAROLINA SERVICE CORPORATION *v.* ROBERDS.

DECIDED MARCH 31, 1931.

*Bouhan & Atkinson,* for plaintiff in error.

*Paul E. Seabrook, E. J. Haar,* contra.

BROYLES, C. J.  C. N. Roberds Jr. sued the Eastern Carolina Service Corporation for damage alleged to have been caused to his truck by a truck of the defendant corporation in a collision between the two trucks at or near the intersection of Bonaventure Road and Delaware Avenue in Chatham county. The petition alleged: that Bonaventure Road was a paved thoroughfare, and that Delaware Avenue was an unpaved road which ran into Bonaventure Road almost at a right angle, and ended there; and that on Delaware Avenue, "at its near approach to Bonaventure Road, the sand is very heavy, with wheel ruts deeply cut therein, which facts on June 12, 1930 [the day of the collision], made automobile travel then and there very slow and difficult; that on said date, at about 11 o'clock a. m., on said Delaware Avenue, and approaching said Bonaventure Road, petitioner's truck . . was being driven . . by an employee of petitioner, . . and when said driver got to the end of said Delaware Avenue, at said Bonaventure Road, and *before proceeding to move into said Bonaventure Road, said driver brought petitioner's said truck to a full stop;* that after stopping and *while then and there standing still,* where petitioner [petitioner's driver] had a right to be, without notice or warning of any sort" (italics ours), the defendant's truck, which was being driven on Bonaventure Road, ran into petitioner's truck and badly damaged it.

Upon the trial the undisputed evidence showed that when the operator of petitioner's truck, driving on Delaware Avenue, approached Bonaventure Road, he *did not stop the truck before moving into Bonaventure Road,* but, on the contrary, that, *before stopping it, he drove it at least two feet into said road* upon the concrete pavement, and that almost immediately the collision between the two trucks occurred.

Under all the particular facts of the case, as disclosed by the record, the variance between the above-stated allegations of the petition and the proof adduced was a material and fatal one; and, in the absence of an amendment to the petition making its allegations conform to the proof, the verdict in favor of the plaintiff can not stand.  See, in this connection, *Central of Ga. Ry. Co.* v. *Sis-*

*trunk,* 16 *Ga. App.* 683 (3) (85 S. E. 954). The court erred in refusing to grant a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*