## 22487. ROBERDS *v.* EASTERN CAROLINA SERVICE CORPORATION.

DECIDED NOVEMBER 17, 1932.

*Paul E. Seabrook,* for plaintiff.

*Abrahams, Bouhan, Atkinson & Lawrence,* for defendant.

BROYLES, C. J. Roberds sued the defendant corporation for damage alleged to have been caused to his truck by a truck of the defendant in a collision between the two trucks at the intersection of Bonaventure Road and Delaware Avenue in Chatham county. The first trial resulted in a verdict for the plaintiff, which was set aside by this court because there was a fatal variance between the allegata and the probata. See 43 *Ga. App.* 87 (157 S. E. 916). Upon the second trial the petition was twice amended without objection. The last amendment added to paragraph 5 of the original petition the following subparagraphs:

"(*a*) That at the intersection of said Bonaventure Road and Delaware Avenue, where petitioner's truck was standing as aforesaid, there is a cut in the road and an embankment which partially obscures the view at said intersection from either highway, and in the interest of public safety the exercise of care and caution on the part of drivers of motor-vehicles in approaching, entering, or passing over said intersection is required, but notwithstanding this fact, of which he knew or should have known, the driver of defendant's truck carelessly and negligently approached and attempted to pass over said intersection at an unlawful and reckless rate of speed, and negligently failed to sound his horn or other signalling device as required by law in such circumstances.

"(*b*) That at the time and place of said collision the driver of defendant's truck was crossing the intersection of said highways at an unlawful and reckless rate of speed, and had carelessly and negligently failed to reduce said speed as required by law in such circumstances.

"(c) That at the time and place of said collision, the operator of defendant's truck had overtaken another motor-vehicle going in the same direction upon Bonaventure Road, and was attempting unlawfully to pass said other vehicle to the left from its rear while said other vehicle was crossing the intersection of said highways.

"(d) That each of the specific acts of negligence hereinabove set forth and charged against the driver of defendant's said truck concurred in causing the damages sustained by plaintiff as herein complained."

The judge in his charge to the jury fully and at length charged all the material contentions of the defendant as set forth in its answer and cross-bill, but in charging the contentions of the plaintiff he evidently inadvertently overlooked the foregoing amendment to the petition, and failed to charge all the material contentions contained therein. Such contentions were supported by the evidence and were material and vital to the plaintiff's cause; and, as the evidence authorized a verdict for either the defendant or the plaintiff, the omission so to charge was reversible error. See, in this connection, *Freeman* v. *Nashville &c. Ry. Co.*, 120 *Ga.* 469 (47 S. E. 931); *Whelchel* v. *Gainesville. &c. Ry. Co.*, 116 *Ga.* 431 (3) (42 S. E. 776); *Georgia Brokerage Co.* v. *Frazier,* 11 *Ga. App.* 498 (75 S. E. 827); *Bank of La Fayette* v. *Phipps,* 24 *Ga. App.* 613 (2) (101 S. E. 696).

*Judgment reversed. Hooper, J., concurs. MacIntyre, J., not presiding.*