25834. SUMMER *v.* THE STATE.

DECIDED FEBRUARY 2, 1937.

*Frank B. Stow,* for plaintiff in error.

*Robert McMillan, solicitor-general,* contra.

MacINTYRE, J. The defendant was convicted under the Code, § 26-1602, of kidnaping a girl sixteen years of age. His motion for a new trial was overruled, and he excepted.

We will discuss only headnote 2. There was a request to charge the jury as follows: "I charge you that in order to convict the defendant for the inveigling of Gene Lancaster you must believe, and the State must show, that the accused either forcibly, maliciously, or fraudulently enticed or carried the child way. I charge you further, gentlemen of the jury, where the child alleged to have been inveigled is above the age of discretion (which is fourteen years of age), though under the age of eighteen, these elements are not sufficiently made out by showing that the child went away in company with the defendant." The defendant was not entitled to have the court adopt his language, framed in argumentative form, and emphasizing selected facts in his interest. The subject was fully and fairly covered by the charge as given, the judge saying that the burden was on the State to show "that this defendant did forcibly, maliciously, or fraudulently lead, take, and carry away, or decoy or entice away, Gene Lancaster, a child under the age of eighteen years, from her parents, or guardian, and against their will and without their consent" (this being the language of the Code, § 26-1602). And later the judge said: "Now gentlemen, the law upon which this indictment is framed is as follows: Any person who forcibly, maliciously, or fraudulently leads, takes, or carries away, or decoys or entices away, any child under the age of eighteen years from its parent or guardian, is guilty of kidnaping. On an indictment based on this section, or this law, as this indictment is, it is not necessary to prove that the child was forcibly or maliciously carried away, if it be shown that the child was fraudulently enticed away without the consent or against the will of the parents. If a child be fraudulently decoyed or enticed away from its parents, without the consent or against the will of the parents, it is not necessary for the State to show that either force or malice entered into the transaction. And this would be true even though you should believe that the child mentioned in this indictment may have been willing to go away without the necessity for the use of force, if you should also believe, in this connection, that the alleged conduct of the defendant, in re-

spect to the child, attacked and abrogated the parental control over the child. In other words, the offense of kidnaping, under this indictment, is complete if it was the purpose of the defendant fraudulently to deprive the parent, against his will and without his consent, of the dominion and custody of his child, and to substitute his own dominion, custody, and control over the child for that of the parent. It is sufficient to authorize the conviction of this offense if it be shown beyond a reasonable doubt that the child in question was decoyed or enticed away from the parental control of the parent without the consent of the parent. Whether or not this was done, or whether or not the State has shown this to a moral and reasonable certainty and beyond a reasonable doubt, or you have a reasonable doubt on your mind about it, then you should acquit; otherwise you should convict." This language of the judge was taken almost verbatim from *Rowell* v. *State*, 41 *Ga. App.* 499, 500 (153 S. E. 371).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*