31426.  SOUTHERN RAILWAY COMPANY *v.* GARLAND *et al.*

GARDNER, J. 1. The petition is brought by William P. Garland for himself, and as next friend for his three-year-old child, Robert Lee Garland, to recover damages for the death of Mrs. Helen Louise Garland, his wife, the mother of the child. The suit is against the Southern Railway Company and its fireman and engineer jointly. The petition alleges substantially: that the mother entered an automobile at Doraville, Georgia, as a guest, with three others; that the car was being driven by the host, O. L. Adams; that they entered the car and proceeded southward toward Atlanta, on a paved and much traveled highway which ran through the Town of Chamblee, and there intersected

with a double track of the Southern Railway Company; that the crossing was located in a thickly settled and industrial section just inside the Town of Chamblee, and that there were being operated by the railroad company over this crossing about 125 or more trains every 24 hours, and that several hundred motor vehicles passed over the said crossing during the same period of time. It is also alleged that near the approach to the crossing is a deep cut which prevented the view of an approaching train going southward toward the City of Atlanta, and a dangerous curve in the railroad track approaching the crossing. It is further alleged: that the embankment adjacent to the point which the automobile was passing and the trees, houses, and other objects thereabout prevented the operator of the car from seeing an approaching train; that as the automobile approached the crossing it was being driven at a moderate rate of speed and was slowed down to approximately 20 miles per hour. The driver cautiously looked, could neither see nor hear a train approaching, and had passed over the north track and was partially over the south track when a freight train of the Southern Railway Company, carrying 58 cars, struck the automobile, and killed the mother of the minor child. Acts of negligence are alleged against the servants (the fireman and engineer of the train), in failing to blow the whistle or ring the bell or keep a proper lookout or slow down the train. It is further alleged against the railroad company alone that it was negligent in failing to maintain a watchman at the crossing, or in failing to maintain a proper signaling device to warn and protect automobile operators on said highway passing over the crossing.

The engineer and fireman and the Southern Railway Company filed separate answers to the petition. In the answers negligence on the part of any of the defendants was denied. It is affirmatively and specially alleged in the answers of the defendants: (a) that the sole and proximate cause of the death of Mrs. Garland was her own negligence, in that she entered the car as a guest with the host Adams who had lost his right leg in the military service; that he had not obtained an artificial leg, and that he was incapable of operating an automobile with any degree of safety; that she was well acquainted with these physical disabilities of the host, Adams, since she had been in his company frequently for two or three months; (b) that the sole and proximate cause of the death of Mrs. Garland was the negligence of the operator of the car, the host Adams.

The pleadings and evidence were sufficient to sustain any of several verdicts in favor of the plaintiff, as follows: (a) that the negligence of the fireman and engineer was the sole proximate cause of the decedent's death; (b) that the negligence of the decedent contributed to her death, but was less than the negligence of the fireman and engineer in the operation of the train. Or a verdict for the defendants (a) that the sole and proximate cause of the decedent's death was the negligence of the deceased; (b) that the sole and proximate cause of the death of the decedent was the negligence of the host Adams. The petition alleges damages in the sum of $50,000. The verdict returned was for the sum of $5000. It is alleged that the mother was about 20 years old and her

services worth $100 per month. The suit was for the full value of the life of the deceased.

2. Aside from the general grounds, there are 18 special grounds. We have considered carefully the assignments of error based on the general grounds and the special grounds and we find no cause for reversal of the judgment overruling the motion for a new trial other than in special grounds 11 and 12. The assignment of error in these grounds is the failure of the court to charge that the jury should find a verdict in favor of the defendants if they should find from the evidence that the sole proximate cause of the death of the deceased was the negligence of the operator of the automobile, Adams, the host. It is too well settled to here note or discuss authorities to the effect that where, as here, the pleadings draw a particular issue as between the petition on the one hand, and the answer on the other, and there is evidence pertaining to this issue, the court should charge the law applicable thereto without a written request. It is true that the court charged in the instant case that the plaintiff must recover on proof of some one or more of the acts of negligence alleged in the petition, and that the plaintiffs could not recover if the decedent could have, by the exercise of ordinary care, avoided the negligence of the plaintiff, as the law requires; and the court also charged in effect that the plaintiff could not recover if the negligence of the decedent was the sole proximate cause of the injury. But after carefully studying the evidence and the charge of the court, we find nowhere therein that the court charged substantially *that the plaintiff would not be entitled to recover if the jury found that the sole proximate cause of the injury was the negligence of the operator of the car, Adams*. This was error, and reversible error. *Georgia Brokerage Co.* v. *Frazier*, 11 *Ga. App.* 498 (75 S. E. 827) ; *Freeman* v. *Nashville, Chattanooga &c. Ry. Co.*, 120 *Ga.* 469 (47 S. E. 931) ; *Henderson* v. *Maysville Guano Co.*, 15 *Ga. App.* 69 (82 S. E. 588) ; *Henderson* v. *Murray*, 42 *Ga. App.* 489 (156 S. E. 470) ; *Evans* v. *Nail*, 1 *Ga. App.* 42 (57 S. E. 1020) ; *Russell* v. *Bayne*, 45 *Ga. App.* 55 (163 S. E. 290) ; *Atlanta Northern Ry. Co.* v. *Seals*, 71 *Ga. App.* 475 (31 S. E. 2d, 94) ; *Sikes* v. *Wilson*, 74 *Ga. App.* 416 (39 S. E. 2d, 902). These authorities, in our opinion, under the record of this case, require a reversal. The failure to charge was not cured by the charge that the negligence of Adams could not be imputed to the guest. This last principle would apply only where the concurrent negligence of the operator of the car and of the defendants was the sole proximate cause of the injury. Of course, in this connection, if there were such concurrent negligence, we are not unmindful of the principle of law that if the decedent was also in a lesser degree negligent, then the rule of apportionment of damages would become operative in assessing damages by the jury.

The judgment of the lower court is reversed on the assignments of error in special grounds 11 and 12.

*Judgment reversed. MacIntyre and Parker, JJ., concur. Broyles, C. J., disqualified.*

Decided February 8, 1947. Adhered to on rehearing April 2, 1947.

*Neely, Marshall & Greene, B. Hugh Burgess, Edgar A. Neely Jr.*, for plaintiff in error.

*Arnold, Gambrell & Arnold, Walter P. McCurdy*, contra.