31888. SOUTHERN RAILWAY COMPANY *v.* GARLAND *et al.*

Decided February 21, 1948. Rehearing denied March 30, 1948.

738

740

*Neely, Marshall & Greene, Edgar A. Neely Jr.,* for plaintiff in error.

*Arnold, Gambrell & Arnold, B. Hugh Burgess, Walter P. Mc-. Curdy,* contra.

GARDNER, J. ■ This is the second appearance of this case here. *Southern Railway Co.* v. *Garland,* 75 *Ga. App.* 98 (41 S. E. 2d, 925). By reference to the opinion when the case was here before, it will be seen that this court reversed the court below for a failure to charge an issue made both by the pleadings and the evidence, in that the court failed to charge that, if the negligence of the driver of the automobile was the sole proximate cause of the injury, the plaintiff could not recover. The pleadings are now as they were then. The evidence is practically the same except perhaps that of the plaintiff as to the traffic passing over the railroad and over the crossing, which was shown to be

greater than it was shown to be in the other trial. Counsel for the railroad in their brief submitted in the instant case make this statement: "While we believe that a verdict for the railway was demanded in the light of the conduct of the driver and of the decedent, the previous judgment of this court forecloses us on that contention. In connection with our special grounds, however, it will be necessary to discuss some of the evidence briefly, along with the pleadings and the verdict." The verdict of the jury in the first trial was for $5000 against the Southern Railway alone. The verdict in the instant case was, "We, the jury, find in favor of the plaintiffs against the Southern Railway Company in the amount of $5200." It is conceded by counsel for the plaintiff in error that, under the pleadings and the evidence, any one of five verdicts could have been rendered by the jury: first, a verdict for the defendant railroad company and Rowland, the engineer and the defendant Scruggs, the fireman; second, a verdict for the plaintiff against the defendant Rowland and the defendant, Southern Railway Company; third, a verdict for the plaintiff against the defendant Scruggs and the defendant, Southern Railway Company; fourth, a verdict for the plaintiff against the defendant Rowland, and Scruggs, and the railway company; fifth, a verdict for the plaintiff against the railroad alone. The latter verdict being the one which the jury did return and being admittedly under the pleadings and under the evidence and under the law a legal verdict insofar as the general grounds are concerned, the judgment of the trial court in overruling the amended motion should be affirmed on this ground, unless there appears reversible error in some one or more of the four special grounds. This leads us then to a consideration of the special grounds which we have set forth above. In the first trial, there were no written requests to charge. Here there were. This makes the controlling difference in the record then and now.

Counsel for the railroad in preliminary remarks, before discussing the special grounds of the motion, make certain observations some of which it might be proper to mention here. One of them is to the effect that, "where the liability of the master is predicated upon the principle of respondeat superior, and where the servant for whose acts the master is liable is joined as a codefendant, and where the codefendant servant's acts constitute

the basis of the master's liability, a verdict obsolving the servant but holding the master liable is contradictory and is therefore a nullity," citing *Southern Ry. Co. v. Harbin*, 135 *Ga.* 122 (68 S. E. 1103, 30 L. R. A. (N. S.) 404, 21 Ann. Cas. 1011) ; *Salmon v. Southern Ry. Co.*, 137 *Ga.* 636 (73 S. E. 1062). This doctrine applies only in those cases where the relationship between the parties is that of master and servant and has no application to joint tortfeasors under other relationships. Counsel further observes that the verdict against the railway company could be illegal, in that it might be based upon the negligence of one or both of its servants who were operating the train, and not upon the negligence of the railroad company alone for not maintaining a watchman or a signaling device at the crossing. It is elementary that this court must construe the evidence most favorably to sustain the verdict returned by the jury, and in this view we are not inclined to read into the verdict something which the jury did not write into it.

As to the first special ground, counsel relies for reversal on the case of *Central of Georgia Ry. Co.* v. *Goodman*, 119 *Ga.* 234 (45 S. E. 969), to the effect that the refusal of the court to give a request in writing pecularly appropriate to the facts of the case, "when the refusal probably resulted in harm to the party making such request," should be reversed, although the court gave in charge abstract principles of law covering the request. We have at length and we think painstakingly set forth the pleadings, the judge's explanation of them, and the judge's charge on the issues. It is our opinion that, under the whole record of this case, no harm resulted in the failure to give in charge written request 1. This statement is based on the assumption that the request with which we are dealing here was a correct one, but we do not think it is a correct request. It will be noted that this request is not sound as an abstract principle of law. In effect it requested the court to charge that the jury would in no event be authorized to return a verdict against Southern Railway Company alone based upon any alleged acts of negligence charged against either or both of the defendants. As heretofore pointed out, this principle is applicable only to the relationship of master and servant, and not to defendants generally in tort actions. If the court had given this charge as requested, it would have been obliged to go

into the relationship of master and servant and the doctrine of respondeat superior. Then too, we think that under the whole record it is argumentative. The Supreme Court, in *McCrea v. Georgia Power Co.*, 179 *Ga.* 1 (7) (174 S. E. 798) said: "A request to charge is properly refused which singles out particular facts bearing upon the issue to be tried, and seeks to belittle or destroy their weight and probative value when considered alone, when such facts, if taken in connection with the other evidence in the case, tend to establish the issue." In addition thereto, see *Jesse Parker Williams Hospital v. Nesbit*, 191 *Ga.* 821, 847 (14 S. E. 2d, 64); *Georgia Ry. & Power Co. v. Head*, 155 *Ga.* 337 (3) (116 S. E. 620); *Western & Atlantic Railroad v. Frazier*, 66 *Ga. App.* 275 (9) (18 S. E. 2d, 45). In our opinion, the general charge covered the request, even though we assume it to be a correct one. In this connection, see *Union Banking Co. v. Jenkins*, 147 *Ga.* 573 (2) (94 S. E. 998); *Summer v. State*, 55 *Ga. App.* 185 (2) (189 S. E. 687); *Collins v. State*, 66 *Ga. App.* 325, 329 (3) (18 S. E. 2d, 24). In *Williamson v. Walker*, 187 *Ga.* 603 (1 S. E. 2d, 718), the court said: "Where the charge as given by the court to the jury sufficiently stated the contentions of the parties, and fairly adjusted the principles of law as contained in the request to charge to the facts of the case," it was not error to refuse the request. See also *Southern Cotton Oil Co. v. Skipper*, 125 *Ga.* 368 (3) (54 S. E. 110); *Georgia Railroad v. Thomas*, 73 *Ga.* 352 (2). What we have said with reference to special ground 1 is equally applicable to special ground 2.

With reference to special ground 3, this is argumentative, and moreover, we know of no law which would require the judge to charge negatively on negligence per se unless it was so alleged in the petition. Neither do we think it reversible error to refuse this request to define in terms what facts are necessary to require a watchman at a crossing, or a signaling device. This is a jury question. See *Powell v. Jarrell*, 65 *Ga. App.* 453 (16 S. E. 2d, 198); *Callaway v. Pickard*, 68 *Ga. App.* 637 (23 S. E. 2d, 564); *Central of Ga. Ry. Co. v. Leonard*, 49 *Ga. App.* 689 (176 S. E. 137); *Central of Ga. Ry. Co. v. Barnett*, 35 *Ga. App.* 528 (134 S. E. 126); *Central of Ga. Ry. Co. v. Dumas*, 44 *Ga. App.* 152 (160 S. E. 814). It must be kept in mind that there was no demurrer to the petition. The evidence was ample to sustain the

proposition that the surrounding terrain, objects around and about the crossing, the extensive movements of traffic both on the railroad track and the traveling public on the road intersecting the track, required a signaling device or watchman to free the railroad from negligence under the law. And the charge of the court fully and clearly covered the issue in this regard. The court did not err in failing to give either one or all of the written requests to charge, which requests we have set out in full above.

We come next to deal with the assignment of error on an excerpt from the charge. This is also set forth verbatim hereinabove. Counsel for the railroad cite and rely in their contentions for reversal on the decision in *Central of Ga. Ry. Co.* v. *Keating,* 177 *Ga.* 345 (4-b) (170 S. E. 493) ; Code, § 94-507; *Culberson* v. *Alabama Construction Co.,* 127 *Ga.* 599 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507) ; *Citizens & Southern National Bank* v. *Kontz,* 185 *Ga.* 131 (194 S. E. 536) ; *Poland* v. *Osborne Lumber Co.,* 34 *Ga. App.* 105 (128 S. E. 198). The pleadings, the facts, and the charge of the court in the cases relied upon by the railroad, in the cases cited, are so different from the pleadings and facts and charge in the instant case that to our minds they are not applicable or controlling with reference to this assignment of error. As we have hereinabove pointed out, counsel for the railroad agree that either one of five verdicts could have been returned by the jury. This being true, it must therefore be concluded that the excerpt from the charge of the court was proper; and that it was based upon the pleadings and the evidence, as well as the charge of the court. It can not be said, therefore, that the jury were instructed concerning an allegation of negligence not supported by both the pleadings and the evidence. We can not agree that it was not applicable and accurate. In view of the whole charge, the pleadings and the evidence, we can not see how the charge could have been confusing. It must be kept in mind that the petition was somewhat out of the ordinary, in that it involved the principle of law with reference to master and servant and respondeat superior, and in addition thereto allegations of negligence against the railroad alone. Certainly, if the jury were authorized to find a verdict against the railroad company alone, as is admitted by the railroad, then it certainly follows that they would not have to find negligence on the part of

the servants of the railroad company or either one of them. And we might likewise analyze each of the verdicts which the jury could have returned. In conclusion, it seems clear to us that, when the court charged in effect that the jury would be authorized to return a verdict upon proof of some one or more acts of negligence, and the jury returned a verdict against the railroad company alone, it is a proper verdict and simply means that the jury were not satisfied with the other evidence as to negligence. We might say also, here, that the suit was for the full value of the life of the decedent, and the jury returned a verdict for only $5200. It is thus evident to our minds that the jury listened well to the instructions of the court and found that the railroad company was negligent in not protecting the crossing, and that they at the same time found that the decedent was also negligent in a lesser degree, and they applied the principle of law as to apportionment of the damages.

Under the whole record the court did not err in overruling the amended motion for any of the reason assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*