1. Under the pleadings, evidence, and law, the court did not err in overruling the motion for a new trial so far as the general grounds are concerned.
2. We find no reasons for reversing the judgment of the court below in overruling the special grounds of the amended motion.
 DECIDED FEBRUARY 21, 1948. REHEARING DENIED MARCH 30, 1948.
Error is assigned here by Southern Railway Company on a judgment overruling its amended motion for a new trial, which *Page 730 
complained of a verdict rendered against it in favor of William P. Garland, and William P. Garland as next friend of Robert Lee Garland, whom we shall call the plaintiff. Paragraph 2 of the petition, omitting the formal parts, alleged substantially that the plaintiff had been damaged in the sum of $50,000. Other paragraphs of the petition read:
"3. On February 6, 1945, Mrs. Helen Louise Garland, who was the wife of plaintiff William P. Garland, and the mother of plaintiff Robert Lee Garland, along with N. J. Carroll and Mrs. R. A. Anderson, was a guest in the 1935 Ford coach automobile being driven by O. L. Adams along the paved public highway leading from Doraville, Georgia, to Chamblee, Georgia, in DeKalb County, Georgia, and said automobile was approaching the public crossing over the railway line of the defendant Southern Railway Company just north of Chamblee.
"4. Said automobile was traveling in a southerly direction as it approached said crossing, and said railroad at said point ran in the general direction of north and south.
"5. The railroad north of said crossing curved to the west. Just north of said crossing was a deep cut, there being a high embankment on each said of the railroad to the point within 50 to 75 yards of said crossing. There were also trees and bushes along and adjacent to the east side of said railroad north of the said crossing, and there were houses between the highway and the railroad beginning at a point about 100 yards north of said crossing.
"6. Said highway north of said crossing extended in the same general direction as the railroad and the automobile in going over said crossing was required to cross at a sharp angle. The rear of said automobile in making the crossing would extend almost directly north in the same general direction as the railroad extended north of the crossing.
"7. As said automobile, traveling as aforesaid at the moderate rate of speed of about 20 miles per hour, approached and was crossing over said crossing from the east side toward the west side, it was struck in the right rear side by a freight train operated by the defendant company, and knocked violently from the crossing and wrecked, and Mrs. Helen Louise Garland received fatal injuries from which she died shortly afterward. *Page 731 
"8. Defendants Rowland and Southern Railway Company were negligent as a matter of law in that Rowland, the engineer of said locomotive, when he reached a point 400 yards from the center of the railway's intersection with said public highway and approaching said crossing, failed to signal the approach of said train to said crossing by blowing through the whistle of the locomotive two long and two short blasts at intervals of five seconds each, as required by statute, and said defendants were guilty of negligence as a matter of law in that the engineer, after reaching said point and while approaching said crossing, failed to keep and maintain a constant and vigilant lookout along the track ahead of said engine in order to avoid injuring any person or property which might be on said crossing.
"9. All of said defendants were negligent in that the engineer and fireman in charge of said train were operating said train at said time over said crossing in a thickly settled industrial and residential section of DeKalb County, Georgia, adjacent to the incorporated town of Chamblee, Georgia, and over said much used highway crossing, at a speed of about 35 to 40 miles per hour, in violation of the requirements of ordinary care, and were negligent in that said engineer and fireman, in approaching said crossing, failed to keep a proper lookout ahead along the track and in that they failed to slow down the speed of said train or stop said train when the engineer and fireman in charge of said train saw or should have seen said automobile moving toward said crossing and about to enter upon said crossing.
"10. All of said defendants were negligent in that the engineer and fireman in charge of said train failed to signal the approach of said train to said crossing by blowing the whistle of said locomotive as required in the exercise of ordinary care, and said defendants were negligent in that they failed to signal the approach of said train on said crossing by ringing the bell of said locomotive as required in the exercise of ordinary care.
"11. All of said negligent acts contributed to and caused the injuries and death of said decedent, Mrs. Helen Louise Garland."
Paragraph 12 alleges the age, earning capacity, and life expectancy of the deceased wife and mother. An amendment to the original petition reads as follows: "1. They amend paragraph 3 so as to make the language `just north of Chamblee' to read `just inside the City of Chamblee.' *Page 732 
"2. Plaintiffs amend paragraph 9 so as to make the language 'adjacent to the incorporated town of Chamblee, Georgia,' to read 'within the incorporated town of Chamblee, Georgia.'
"3. Plaintiffs say that the defendants Southern Railway Company and H. R. Rowland, the engineer, were negligent in operating said train at said time within the corporate limits of said town of Chamblee and at the same time failing to constantly toll the bell of said locomotive as required by statute.
"4. Plaintiffs say that said crossing was in a thickly settled industrial and residential section just inside the town of Chamblee, and said crossing was much used by the defendant Southern Railway Company and by the public, and there being about 125 or more trains traveling over said crossing every twenty-four hours and there being several hundred motor vehicles passing over said crossing every twenty-four hours, and plaintiffs say that, in addition to said other acts of negligence alleged in their petition, defendant was negligent under said circumstances in failing to have either a watchman or an automatic signal warning device at said crossing to warn persons about to go over the crossing of the danger to them."
There was a further amendment, which had to do only with changing certain phraseology in paragraph 12 of the original petition.
The railroad and the engineer Rowland and the fireman Scruggs each filed separate, similar answers denying the material allegations of the petition, and alleging that the deceased by a failure to exercise ordinary care was the author of her own death and that if she had exercised ordinary care she could have avoided the consequences of the negligence of the defendants, if any existed. The answers further alleged that the sole proximate cause of the death of the deceased was the negligence of the operator of the car in which the deceased was riding as a guest, at the time the injury was received. The plaintiff introduced evidence from which the jury were authorized to find that all the acts of negligence alleged in the petition had been committed by one or more of the defendants. And the defendants submitted evidence in support of their answers that they were not guilty of any of the acts of negligence alleged in the petition; and further that if there were any act or acts of negligence proved against *Page 733 
the defendants or either of them, that the deceased could, by the exercise of ordinary care, have avoided the consequences of the negligence on the part of the defendants, or either of them, if any negligence existed on the part of the defendants or either of them; and there was also evidence submitted on behalf of the defendants that the sole proximate cause of the death of the deceased was the negligence of the operator of the car. The evidence, in, and the arguments completed, the court first charged the jury as to the nature of the petition and then charged as follows: "They allege that the defendants, Rowland and the Southern Railway Company, were negligent as a matter of law in that Rowland, the engineer of said locomotive, when he reached a point four hundred yards from the center of the railway's intersection with said public highway, and approaching said crossing, failed to signal the approach of said train to said crossing by blowing through the whistle of said train two long and two short blasts at intervals of five seconds each, as required by statute; and said defendants were guilty of negligence as a matter of law in that the engineer, after reaching said point and while approaching said crossing, failed to keep and maintain a constant and vigilant lookout along the track ahead of said engine in order to avoid injuring any person or property which might be on said crossing.
"They allege that all of said defendants were negligent in that the engineer and fireman in charge of said train were operating said train at said time over said crossing in thickly settled industrial and residential section of DeKalb County, Georgia, adjacent to the incorporated town of Chamblee, Georgia, and over said much used highway crossing at a speed of about thirty-five to forty miles per hour, in violation of the requirements of ordinary care; and were negligent in that said engineer and fireman, in approaching said crossing, failed to keep a proper lookout ahead along the track and in that they failed to slow down the speed of said train or stop said train when the engineer and fireman in charge of said train saw, or should have seen, said automobile moving toward said crossing and about to enter upon said crossing.
"They allege that all of said defendants were negligent in that the engineer and fireman in charge of said train failed to signal *Page 734 
the approach of said train to said crossing by blowing the whistle of said locomotive, and as required in the exercise of ordinary care, and said defendants were negligent in that they failed to signal the approach of said train to said crossing by ringing the bell of said locomotive, as required in the exercise of ordinary care.
"They allege that all of said negligent acts contributed to and caused the injuries and death of said decedent, Mrs. Helen Louise Garland."
Then followed a charge concerning the earning capacity, etc., of the deceased, and that the suit was for the full value of the life of the deceased. Then the court called the jury's attention in much detail to the allegations of the answers of the defendants. As to the amendment, the court charged: "The plaintiffs have filed two amendments subsequently to the filing of the original petition, have filed two amendments to their petition which have become a part of the case and a part of the petition. Now, in the first amendment, the plaintiffs have amended their petition by amending paragraph 3 so as to make the language `just north of Chamblee' to read `just inside of the City of Chamblee.' They have amended paragraph 9 so as to make the language `adjacent to the incorporated town of Chamblee, Georgia,' to read `within the incorporated town of Chamblee, Georgia.' They have amended further by saying that the defendants, Southern Railway Company and H. R. Rowland, the engineer, were negligent in operating said train at said time within the corporate limits of said town of Chamblee and at the same time failing to constantly toll the bell of said locomotive, as required by the statutes. They have further amended by saying that said crossing was in a thickly settled industrial and residential section just inside of the town of Chamblee and said crossing was much used by the Southern Railway Company and by the public, there being about one hundred and twenty-five or more trains traveling over said crossing every twenty-four hours, and there being several hundred motor vehicles passing over said crossing every twenty-four hours; and plaintiffs say that in addition to said other acts of negligence alleged in their petition, the defendants were negligent under said circumstances, — that the defendant Southern Railway Company was negligent under said circumstances in *Page 735 
failing to have either a watchman or an automatic signal warning at said crossing to warn persons about to go over the crossing of the danger to them . . . Then, there is a further amendment to this effect: Plaintiffs strike all of the allegations of paragraph 8 of the petition except to the failure to make a proper lookout." The court then instructed the jury that the effect of the answers was to deny negligence and liability, and that the defendants were not required to file answers to the amendments. The court then instructed the jury as to the burden of proof, the preponderance of evidence, and the duty of the jury in the event there were conflicts in the evidence. The court then defined negligence, and the degree of care resting on each of the parties, after which it charged: "The burden rests upon the plaintiffs to show that some one or more of the alleged acts of negligence existed and that some one or more of such acts proximately caused the injuries and death of the deceased, Mrs. Helen Louise Garland. I charge you, however, that the plaintiffs are not required to prove all of their allegations of negligence made in their petition. If the plaintiffs prove some one or more of those allegations of negligence and that it, or they, was or were, the proximate cause of the injuries and death of the decedent, Mrs. Helen Louise Garland, then the plaintiffs would be entitled to recover damages in the case unless barred of recovery by one other rule of law given you in charge by the court.
"Your method of inquiry will be confining yourselves to the plaintiffs' specifications of negligence, as set out in the petition as amended, to determine whether, insofar as those specifications, or either of them are concerned, the defendants were guilty of negligence and you are to take into consideration all of the evidence in the case, the time, place, the circumstances, all that occurred, as shown by the evidence, and then for yourselves to determine whether or not the defendants were or were not guilty of negligence, insofar as the particulars charged are concerned.
"I charge you that the locomotive engineer of the railroad train being operated within the limits of cities, towns and villages is required by statute to signal the approach of the train upon a crossing in the corporate limits by constantly tolling the bell of said locomotive.
"It is charged in the plaintiffs' petition, and these allegations *Page 736 
are denied by the defendants, that the defendants, H. R. Rowland and Southern Railway Company were negligent in that the engineer failed to constantly toll the bell of the locomotive at the time and place in question, within the city limits of Chamblee. I charge you, if you find that the engineer did fail to toll the bell on approaching the crossing, at the time and place in question and that it was within the city limits of Chamblee, the defendants would be guilty of negligence per se; and if said negligence contributed to the injuries and death of Mrs. Helen Louise Garland at the time and place in question, the plaintiffs would be entitled to recover damages, unless barred of recovery by some other rule of law given you in charge.
"Now, with reference to the plaintiffs' contention that the defendants were negligent in that the engineer and fireman failed to blow the whistle of said locomotive as it approached and went over said crossing, I charge you that is a question for you to determine from the evidence whether or not there was a failure to blow the whistle, and if so, whether such failure constituted negligence, and if it did constitute negligence, as to whether or not such failure was a contributing cause of the injuries and death of Mrs. Helen Louise Garland.
"Each of the other allegations of negligence is charged as a failure on the part of the defendants, or some of them, to exercise ordinary care, which allegations are denied by the defendants. The plaintiffs charge that all of the defendants were negligent in that the engineer and fireman in charge of said train were operating said train at the time over a crossing in a thickly settled residential and industrial section of DeKalb County, in the town of Chamblee, at a speed of about forty miles per hour, in violation of the requirements of ordinary care, and were negligent in that the engineer and fireman, in approaching said crossing, failed to keep a lookout ahead along the track and in that they failed to slow down the train or stop the train when the engineer and fireman in charge of said train saw or should have seen, said automobile moving toward said crossing and about to enter upon said crossing.
"It is alleged that all of the defendants were negligent in that the engineer and fireman in charge of the said train failed to signal the approach of said train to said crossing by blowing the *Page 737 
whistle of said locomotive, as required in the exercise of ordinary care.
"The plaintiffs further charge that the defendant, Southern Railway Company was negligent under the alleged circumstances of said thickly settled community in Chamblee and on account of the alleged large number of trains passing over said crossing, in not having a watchman or an automatic signal device at said crossing to warn persons approaching the crossing.
"All of these allegations are charged by the plaintiffs in their petition as failures on the part of the defendants to exercise ordinary care and are denied by the defendants.
"If any of these allegations of negligence by the plaintiffs, to which I have referred, are established as negligence to your satisfaction, and if it is shown to you that they, or either of them, were the proximate cause of the death of the decedent, the plaintiffs would be entitled to a verdict for damages in this case, unless barred of recovery by some rule of law given you in charge. The plaintiffs are not required to prove all of their allegations of negligence, but proof of any one of them is sufficient, if the case is otherwise made out under the rules of law given you in charge."
The court then charged that it was the duty of Mrs. Garland to exercise ordinary care for her own protection, and that if the jury found that she did not exercise such care, the plaintiff could not recover. The court then charged the law applicable to guests and that there could be no recovery by a guest if the guest assumed a known risk, if Mrs. Garland knew of the risk, and by the exercise of ordinary care could have avoided the consequences of the risk. (We might divert here, in this connection, to the allegations in the answers of the defendants to the effect that the operator of the automobile at the time of the injury was a man then in the military service of the United States and a patient at Lawson General Hospital; that while in the service overseas he had lost a leg and had not, at the time of the collision, received an artificial leg and that for this reason he was not competent to operate an automobile and that the deceased knew it.)
The court then instructed the jury that the rights of the plaintiff to recover would have been no greater than that of the deceased had she survived the injuries. The court then charged specifically as to proximate cause. The court then charged that, *Page 738 
if the deceased knew, or by the exercise of ordinary care could have known, of the presence of the train in time to have avoided the collision, then "in that event neither the failure to blow the whistle, if you find there was such failure, nor the failure to ring the bell, if you find there was such failure, could be deemed a proximate cause of the decedent's death and you would not be authorized to predicate a recovery against the defendant or any of them upon a finding of the failure to blow the whistle or ring the bell." The court then charged further the law applicable to guests, to the effect that, while the negligence of the driver was not imputable to the guest, the guest could not close her eyes to a known or obvious danger arising either from the acts of the driver or from the acts of others and that these were jury questions. The court then instructed the jury that, if the defendants were negligent and the deceased could have, by the exercise of ordinary care, avoided the consequences of the defendants' negligence, she could not recover, but that the duty to exercise ordinary care under such circumstances did not arise until the negligence was either existing or was apparent or that the circumstances were such that an ordinarily prudent person would have reason to apprehend its existence. The court then charged that, if the plaintiff and the defendants were both negligent and such negligence was equal, there could be no recovery; and also, if both were negligent and the negligence of the defendants was greater than that of the plaintiff, the plaintiff might recover, but the damages would be reduced in proportion to the amount of default attributable to the plaintiff. The court then charged: "If you find from the evidence in the case that the defendants are not liable, that would terminate your investigation and you would stop at that point and return a verdict in favor of the defendants." The court then gave the law applicable to the measure of damages, including the mortality tables. The court then charged: "Now, if you find in favor of the plaintiffs in the case, that the plaintiffs are entitled to recover under the law and under the evidence, then this would be the form of your verdict, `We, the jury, find for the plaintiffs, against the defendants,' and I will give you further instructions concerning that, `so many dollars' whatever your verdict may be. If you should find that the plaintiffs are entitled to recover against all of the defendants, it *Page 739 
would not be necessary to name the specific defendants in that verdict, but your verdict would be in this form, `We, the jury, find for the plaintiffs, against the defendants, so many dollars.' If you find that they are not entitled to recover against one of the defendants, or more than one of the defendants, then you would simply name in your verdict the defendant or defendants against whom the recovery would be had, and if you should find that one or more of the defendants should — that no verdict should be rendered against one or more of the defendants, then this would be the form of the verdict, `We, the jury, find for the plaintiffs, against the defendant or defendants' naming the particular defendant or defendants against whom the verdict is rendered, `so many dollars.' Now, on the other hand, if you find that — in favor of the contentions of the defendants in the case, or if you find that the plaintiffs have not carried the burden which the law places upon them to carry in establishing their case, as given to you in charge, then your verdict would be for the defendants, and in that event, if you should find a verdict in favor of the defendants, the form of your verdict would be, `We, the jury, find for the defendants."
The special assignments of error are that the court failed to charge the following written requests: "1. Gentlemen of the jury, I charge you that you would in no event be authorized to bring in a verdict against Southern Railway Company alone, based upon any alleged act of negligence charged against either or both of the other defendants." And 2: "Gentlemen of the jury, I charge you that you in no event would be authorized to bring in a verdict against Southern Railway Company alone unless you should believe from the evidence that neither defendant Rowland nor defendant Scruggs were negligent in any of the particulars charged against either or both of them, proximately causing the death of the decedent, and unless you further believe that plaintiffs have established by a preponderance of the evidence the allegations of paragraph 4 of their amendment allowed 5 March, 1946, that such allegations constituted negligence, and that such negligence if it existed was a proximate cause of the death of plaintiffs' decedent, and that plaintiffs are not otherwise barred of recovery by some other rule of law given you in this charge." And 3: "Gentlemen of the jury, I charge you that there is no *Page 740 
statute in Georgia requiring a railroad company to place a watchman or an automatic signal-warning device at a grade crossing of public roads or highways, and a failure to maintain a watchman or to install a signaling device at the crossing in question was not negligence per se or as a matter of law. The failure to have a watchman at this crossing or to maintain a signaling device, can not be accounted negligence in this case, if you find from all the facts and circumstances that the presence of such watchman or of a signaling device would not have given the decedent any notice of the approach of the train that she did not already have, nor can it be accounted negligence unless it is made to appear from the evidence that this crossing was attended with unusual danger or extraordinary hazards so as to require in the exercise of ordinary care the maintenance of a watchman there or of an automatic signaling device."
The fourth and last special ground assigns error on an excerpt from the charge, as follows: "I charge you, however, that the plaintiffs are not required to prove all of their allegations of negligence made in their petition. If the plaintiffs prove some one or more of those allegations of negligence and that it, or they was or were, the proximate cause of the injuries and death of the decedent, then the plaintiffs would be entitled to recover damages in the case unless barred of recovery by some other rule of law given you in charge by the court."
1. This is the second appearance of this case here. Southern Railway Co. v. Garland, 75 Ga. App. 98 (41 S.E.2d 925). By reference to the opinion when the case was here before, it will be seen that this court reversed the court below for a failure to charge an issue made both by the pleadings and the evidence, in that the court failed to charge that, if the negligence of the driver of the automobile was the sole proximate cause of the injury, the plaintiff could not recover. The pleadings are now as they were then. The evidence is practically the same except perhaps that of the plaintiff as to the traffic passing over the railroad and over the crossing, which was shown to be *Page 741 
greater than it was shown to be in the other trial. Counsel for the railroad in their brief submitted in the instant case make this statement: "While we believe that a verdict for the railway was demanded in the light of the conduct of the driver and of the decedent, the previous judgment of this court forecloses us on that contention. In connection with our special grounds, however, it will be necessary to discuss some of the evidence briefly, along with the pleadings and the verdict." The verdict of the jury in the first trial was for $5000 against the Southern Railway alone. The verdict in the instant case was, "We, the jury, find in favor of the plaintiffs against the Southern Railway Company in the amount of $5200." It is conceded by counsel for the plaintiff in error that, under the pleadings and the evidence, any one of five verdicts could have been rendered by the jury: first, a verdict for the defendant railroad company and Rowland, the engineer and the defendant Scruggs, the fireman; second, a verdict for the plaintiff against the defendant Rowland and the defendant, Southern Railway Company; third, a verdict for the plaintiff against the defendant Scruggs and the defendant, Southern Railway Company; fourth, a verdict for the plaintiff against the defendant Rowland, and Scruggs, and the railway company; fifth, a verdict for the plaintiff against the railroad alone. The latter verdict being the one which the jury did return and being admittedly under the pleadings and under the evidence and under the law a legal verdict insofar as the general grounds are concerned, the judgment of the trial court in overruling the amended motion should be affirmed on this ground, unless there appears reversible error in some one or more of the four special grounds. This leads us then to a consideration of the special grounds which we have set forth above. In the first trial, there were no written requests to charge. Here there were. This makes the controlling difference in the record then and now.
2. Counsel for the railroad in preliminary remarks, before discussing the special grounds of the motion, make certain observations some of which it might be proper to mention here. One of them is to the effect that, "where the liability of the master is predicated upon the principle of respondent superior, and where the servant for whose acts the master is liable is joined as a codefendant, and where the codefendant servant's acts constitute *Page 742 
the basis of the master's liability, a verdict obsolving the servant but holding the master liable is contradictory and is therefore a nullity," citing Southern Ry. Co. v. Harbin,135 Ga. 122 (68 S.E. 1103, 30 L.R.A. (N.S.) 404, 21 Ann. Cas. 1011); Salmon v. Southern Ry. Co., 137 Ga. 636
(73 S.E. 1062). This doctrine applies only in those cases where the relationship between the parties is that of master and servant and has no application to joint tortfeasors under other relationships. Counsel further observes that the verdict against the railway company could be illegal, in that it might be based upon the negligence of one or both of its servants who were operating the train, and not upon the negligence of the railroad company alone for not maintaining a watchman or a signaling device at the crossing. It is elementary that this court must construe the evidence most favorably to sustain the verdict returned by the jury, and in this view we are not inclined to read into the verdict something which the jury did not write into it.
As to the first special ground, counsel relies for reversal on the case of Central of Georgia Ry. Co. v. Goodman, 119 Ga. 234
(45 S.E. 969), to the effect that the refusal of the court to give a request in writing peculiarly appropriate to the facts of the case, "when the refusal probably resulted in harm to the party making such request," should be reversed, although the court gave in charge abstract principles of law covering the request. We have at length and we think painstakingly set forth the pleadings, the judge's explanation of them, and the judge's charge on the issues. It is our opinion that, under the whole record of this case, no harm resulted in the failure to give in charge written request 1. This statement is based on the assumption that the request with which we are dealing here was a correct one, but we do not think it is a correct request. It will be noted that this request is not sound as an abstract principle of law. In effect it requested the court to charge that the jury would in no event be authorized to return a verdict against Southern Railway Company alone based upon any alleged acts of negligence charged against either or both of the defendants. As heretofore pointed out, this principle is applicable only to the relationship of master and servant, and not to defendants generally in tort actions. If the court had given this charge as requested, it would have been obliged to go *Page 743 
into the relationship of master and servant and the doctrine of respondent superior. Then too, we think that under the whole record it is argumentative. The Supreme Court, in McCrea v.Georgia Power Co., 179 Ga. 1 (7) (174 S.E. 798) said: "A request to charge is properly refused which singles our particular facts bearing upon the issue to be tries, and seeks to belittle or destroy their weight and probative value when considered alone, when such facts, if taken in connection with the other evidence in the case, tend to establish the issue." In addition thereto, see Jesse Parker Williams Hospital v. Nesbit,191 Ga. 821, 847 (14 S.E.2d 64); Georgia Ry. Power Co. v.Head, 155 Ga. 337 (3) (116 S.E. 620); Western AtlanticRailroad v. Frazier, 66 Ga. App. 275 (9) (18 S.E.2d 45). In our opinion, the general charge covered the request, even though we assume it to be a correct one. In this connection, see UnionBanking Co. v. Jenkins, 147 Ga. 573 (2) (94 S.E. 998);Summer v. State, 55 Ga. App. 185 (2) (189 S.E. 687);Collins v. State, 66 Ga. App. 325, 329 (3) (18 S.E.2d 24). In Williamson v. Walker, 187 Ga. 603 (1 S.E.2d 718), the court said: "Where the charge as given by the court to the jury sufficiently stated the contentions of the parties, and fairly adjusted the principles of law as contained in the request to charge to the facts of the case," it was not error to refuse the request. See also Southern Cotton Oil Co. v. Skipper,125 Ga. 368 (3) (54 S.E. 110); Georgia Railroad v. Thomas,73 Ga. 352 (2). What we have said with reference to special ground 1 is equally applicable to special ground 2.
With reference to special ground 3, this is argumentative, and moreover, we know of no law which would require the judge to charge negatively on negligence per se unless it was so alleged in the petition. Neither do we think it reversible error to refuse this request to define in terms what facts are necessary to require a watchman at a crossing, or a signaling device. This is a jury question. See Powell v. Jarrell, 65 Ga. App. 453
(16 S.E.2d 198); Callaway v. Pickard, 68 Ga. App. 637
(23 S.E.2d 564); Central of Ga. Ry. Co. v. Leonard,49 Ga. App. 689 (176 S.E. 137); Central of Ga. Ry. Co. v.Barnett, 35 Ga. App. 528 (134 S.E. 126); Central of Ga. Ry.Co. v. Dumas, 44 Ga. App. 152 (160 S.E. 814). It must be kept in mind that there was no demurrer to the petition. The evidence was ample to sustain the *Page 744 
proposition that the surrounding terrain, objects around and about the crossing, the extensive movements of traffic both on the railroad track and the traveling public on the road intersecting the track, required a signaling device or watchman to free the railroad from negligence under the law. And the charge of the court fully and clearly covered the issue in this regard. The court did not err in failing to give either one or all of the written requests to charge, which requests we have set out in full above.
We come next to deal with the assignment of error on an excerpt from the charge. This is also set forth verbatim hereinabove. Counsel for the railroad cite and rely in their contentions for reversal on the decision in Central of Ga. Ry.Co. v. Keating, 177 Ga. 345 (4-b) (170 S.E. 493); Code, § 94-507; Culberson v. Alabama Construction Co., 127 Ga. 599
(56 S.E. 765, 9 L.R.A. (N.S.) 411, 9 Ann. Cas. 507);Citizens Southern National Bank v. Kontz, 185 Ga. 131
(194 S.E. 536); Poland v. Osborne Lumber Co., 34 Ga. App. 105
(128 S.E. 198). The pleadings, the facts, and the charge of the court in the cases relied upon by the railroad, in the cases cited, are so different from the pleadings and facts and charge in the instant case that to our minds they are not applicable or controlling with reference to this assignment of error. As we have hereinabove pointed out, counsel for the railroad agree that either one of five verdicts could have been returned by the jury. This being true, it must therefore be concluded that the excerpt from the charge of the court was proper; and that it was based upon the pleadings and the evidence, as well as the charge of the court. It can not be said, therefore, that the jury were instructed concerning an allegation of negligence not supported by both the pleadings and the evidence. We can not agree that it was not applicable and accurate. In view of the whole charge, the pleadings and the evidence, we can not see how the charge could have been confusing. It must be kept in mind that the petition was somewhat out of the ordinary, in that it involved the principle of law with reference to master and servant and respondent superior, and in addition thereto allegations of negligence against the railroad alone. Certainly, if the jury were authorized to find a verdict against the railroad company alone, as is admitted by the railroad, then it certainly follows that they would not have to find negligence on the part of *Page 745 
the servants of the railroad company or either one of them. And we might likewise analyze each of the verdicts which the jury could have returned. In conclusion, it seems clear to us that, when the court charged in effect that the jury would be authorized to return a verdict upon proof of some one or more acts of negligence, and the jury returned a verdict against the railroad company alone, it is a proper verdict and simply means that the jury were not satisfied with the other evidence as to negligence. We might say also, here, that the suit was for the full value of the life of the decedent, and the jury returned a verdict for only $5200. It is thus evident to our minds that the jury listened well to the instructions of the court and found that the railroad company was negligent in not protecting the crossing, and that they at the same time found that the decedent was also negligent in a lesser degree, and they applied the principle of law as to apportionment of the damages.
Under the whole record the court did not err in overruling the amended motion for any of the reason assigned.
Judgment affirmed. MacIntyre, P. J., and Townsend, J.,concur.